NEW ORLEANS, JACKSON, AND GREAT NORTHERN RAILROAD COM-PANY *v.* THOMAS ROLLINS, ADMINISTRATOR.

WRIT OF ERROR: LIES AGAINST ADMINISTRATOR WITHOUT REVIVOR.—Where the plaintiff in the court below dies after the rendition of a judgment in his favor, a writ of error will lie against his administrator, to revise the judgment, without its having been revived in his name. See Hutch. Dig. 855, art. 12; Rev. Code, 456, art. 646.

ERROR to the Circuit Court of Pike county. Hon. John E. McNair, judge.

At the March term, 1858, a judgment was recovered in the court below, by Zachariah Rollins, against the plaintiff in error, for $1000 and costs. In July, 1858, the plaintiffs in error (defendants below) filed their petition before the clerk, asking for a writ of error to revise the same, stating that since the rendition of the judgment,

that Zachariah Rollins had died, and that Thomas Rollins had been appointed administrator of his estate. A writ of error in the usual form was issued as prayed for, and a summons or citation was issued against Thomas Rollins, as administrator of Z. Rollins, notifying him of the issuance of this writ of error, and commanding him to appear and defend the same. A supersedeas bond was also executed, and made payable to Thomas Rollins, the administrator.

The plaintiff in error made a motion in this court to dismiss the writ, upon the ground that "it had been brought prematurely, the judgment below being in favor of Zachariah Rollins, who died since its rendition, and before the suing out of this writ of error, and no revivor being had below, in the name of the present defendant in error, as his administrator."

*John D. Freeman* and *J. T. Lampkin*, for plaintiff in error.

*Quin*, *Hurst*, and *McKnight*, for defendant in error.

Harris, J., delivered the opinion of the court.

This cause is submitted to us, on a motion to dismiss, on the ground that the plaintiff below died after judgment, and the present defendant in error was appointed administrator before the writ of error was sued out; and that no writ of error will lie against the defendant in error (the administrator of the plaintiff below), until after revivor.

As a general rule, no execution can ever issue in favor of, or against, a person who is not a party to the original judgment, or made so by some proceeding subsequent thereto. Bacon Abr. C. 4; 2 Tuck. Com. 340. Nor can one be made a party plaintiff by such subsequent proceeding, who is not a privy to such judgment, or entitled to the thing recovered, as heir, executor, or administrator of him who had judgment; nor can any person be made defendant to the execution, by such subsequent proceeding, who is not chargeable with the debt or demand. See Bac. Abr. Executor, F. G., and 2 Lord Ray. 768.

At common law, it was formerly held, that if an administrator had judgment in right of his intestate, and died before execution, that the administrator *de bonis non* could not have a *scire*

*facias,* so as to take out execution on this judgment, not being privy to the record.    Bacon's Abr., title Execution, F.;  *Grout, Admr.* v. *Chamberlin,* 4 Mass. 612.

By the act of 17 Car. 2, ch. 8, § 2, this rule of the common law was changed in England, and the administrator *de bonis non* was allowed, upon *scire facias,* to have execution.

Under this act, it was held in England that the administrator *de bonis non,* without revivor, might perfect execution already begun by the original executor or administrator, "*for the right, it is said, now comes to him.*"   1 Lomax on Exrs. 326; 1 Salk. 323; 2 Lord Ray. 1072; 6 Mod. 290; 11 Ib. 34; Holt, 303, 646.

In this State, *full privity* is in the same manner established by the Act of 1846: Hutch. Code, 855, Art. 12; Rev. Code, 456, Art. 124; and revivor in the name of the administrator *de bonis non* provided for.

His *right to the judgment,* on the death or removal of the previous executor or administrator, is expressly provided for by Art. 135, Rev. Code, 457.

The *interest* of the administrator *de bonis non,* under our statutes, cannot, therefore, be doubted.

Notwithstanding, therefore, the death or removal of the original executor or administrator, the judgment remains in full force against the defendant; and the title and right to recover it, may be enforced by *scire facias* in favor of the administrator *de bonis non.*   Nor is an execution issued in favor of the dead plaintiff absolutely void, although his representatives have not been substituted by *scire facias.*    Bac. Abr. title Execution, F.;  *Day* v. *Sharp,* 4 Whart. 339.

After judgment has been rendered in the court below, however erroneous, and after the term has elapsed, and the plaintiff has died, although the administrator *de bonis non* may have *scire facias,* to revive the judgment in his name in that court, no such proceeding can be instituted by the *defendant against himself.* Unless, therefore, he may sue out his writ of error, and by *scire facias ad audiendum errores,* issuing from this court, may summon the parties in interest here, he would be without remedy.

It is said, 3 Bac. Abr. title Error, B. 330, no person can bring a writ of error to reverse a judgment, who was not a party, or privy,

to the record, or who was not injured by the judgment, and therefore is to receive advantage by the reversal thereof. See many authorities, there cited. So a writ of error does not lie *against* any but him who is a party, or privy, to the first judgment, his heirs, executors, or administrators. So in *Green* v. *Watkins*, 6 Wheat. 260, it is said, the heir or privy in estate, who is injured by the judgment, may bring error to reverse it.

So in the case of *Grout's Administrator* v. *Chamberlin*, 4 Mass. 611, where a writ of error was sued out by an administrator *de bonis non*, *without revivor*, Chief Justice Parsons, delivering the opinion of the court, said, " This is a writ of error ·brought to correct the errors of a judgment recovered by Bela Grout, as executor of the last will of Elizabeth Grout, deceased, on a bond given to her by the defendant in error. The writ stated that since the judgment the said Bela has died, and that plaintiff in error is administrator *de bonis non*, with the will annexed, of the said Elizabeth. And we are called on to decide whether, from these allegations, the plaintiff has or has not entitled himself to this writ of error. And we are of opinion that he has no *title* to sue this writ, *because there* is in law, no privity between the executor and the administrator *de bonis non*, &c. ; and a judgment recovered against one, by the executor, cannot be executed by the succeeding administrator." . . . .

" The law is the same where an administrator recovers a judgment and dies : the succeeding administrator cannot execute this judgment, but may bring a new action."

He adds :· " By an English act of Parliament (17 Car. 2, ch. 8), *not in force here*, provision is made that the second administrator may execute a judgment recovered on a verdict by the first administrator ; *and it is to be wished that we had some statute including the same and perhaps some further provisions.*

" Now if the second administrator cannot execut· a judgment recovered by a former executor or administrator, it is very clear that he cannot bring error to reverse it ; for it has become ineffectual if not satisfied, and if satisfied, the debt recovered by it has been administered."

And the writ of error, in this case, was therefore abated, on motion. It is clear, therefore, from this decision, if our statutes establishing privity between the first and second administrators, and

*vesting the title* to all the choses in action belonging to the estate, that were in the hands of the first administrator, in the second, had existed in Massachusetts, or even the statute of Charles the Second, in England, that the court would have held, that the administrator *de bonis non* might have maintained this writ of error without revivor in the court below, because, though not a party to the record, he was a party in interest, and entitled as such executor to the proceeds of the judgment.

If therefore the administrator *de bonis non* may maintain a writ of error, without having himself made a party to the record in the court below by *scire facias* and revivor, in his name, against the defendant, it seems to follow that, conversely, the defendant may have the same right against such administrator *de bonis non.*

Indeed the case would seem to be much stronger in favor of the maintenance of the writ of error under such circumstances, by the defendant than by the administrator's plaintiff.   It being a right belonging to the defendant, to be thus allowed to show cause, upon *scire facias,* why the administrator *de bonis non,* should not be allowed to prosecute judgment and execution against him, if he voluntarily waives that right, and himself treats the administrator, by his proceeding here, as the rightful owner of the judgment, we cannot see what right the *administrator de bonis non* has to object to such waiver.

It is insisted, that no change having taken place since the issuance of this writ of error, in the state of parties, there is nothing to revive in this proceeding.   If the proceedings upon this *scire facias* were to be regarded simply as one for revivor, where revivor was necessary, the position assumed by counsel for the defendant in error would perhaps be correct.   But such is not the effect to be given to this *scire facias.*   It may be regarded as wholly nugatory as process to *revive the suit below,* by proceeding in this court; and yet good as a *scire facias ad audiendum errores,* to a party in interest against whom the writ of error may be prosecuted here without revivor.   It is good as notice to him of the pendency of this proceeding in this court, and affords all the opportunity of making defence to the proceeding here, that a more formal suit would have done.   His plea to the *scire facias* admits the only fact necessary to authorize the proceeding against him, thus, that he is the

administrator *de bonis non*. Or his failure to plead at all, after service of the *scire facias* would be equally conclusive of that fact. The fact of his alleged interest established, and notice to him to appear here and defend it, gives this court full jurisdiction to consider the assignment of errors.

Let the motion be overruled.