M. Q. TREADWELL AND OTHERS *v.* MARY G. HERNDON, Guardian.

1. WRITS OF ERROR: SUPERSEDEAS: NOT NECESSARILY NULLITIES AFTER LAPSE OF THREE YEARS.—A writ of error bond and supersedeas, in a cause where the record does *not* show that a writ of error was issued, are not necessarily nullities after the lapse of three years from the rendition of the judgment or the decree ; because, from aught that appears in the record, the writ of error may have been issued, and may be still pending in the High Court.

2. SAME: STATUTE OF LIMITATIONS.—The statute of limitation, Rev. Code, 401, Art. 17, which limits the time of the issuance of writs of error to three years from the rendition of the judgment or decree, was suspended until twelve months after the close of the war by the act of Dec. 12, 1862.

3. SAME: SAME: FAILURE OF CLERK TO ISSUE WRIT.—The failure of the clerk below to issue the writ of error, within the time limited by the statute will not avail the plaintiff in error upon a plea of the statute in the High Court ; his remedy is against the clerk for his negligence. *Butler* v. *Craig,* 28 Miss. R. 629.

4. EXECUTORS AND ADMINISTRATORS: BONDS OF, HOW SIGNED.—A public officer, whose character as such is stated in the body of the certificate or other instrument executed by him in his official capacity, need not do more than append his individual name.

5. HUSBAND AND WIFE: HUSBAND NOT GENERAL AGENT OF WIFE, AND WITHOUT SPECIAL AUTHORITY CANNOT WAIVE NOTICE FOR HER.—The husband is not the general agent of the wife in relation to her separate estate. He cannot, therefore, in the absence of any evidence of authority, where she is a distributee of an estate, waive for her the notice required by the statute, upon an application of the administrator to surrender his trust.

6. FINAL SETTLEMENTS OF EXECUTORS AND ADMINISTRATORS WITHOUT NOTICE.—A final settlement of an executor or administrator is not conclusive upon the parties interested in the estate, and does not have the effect of discharging the executor or administrator unless made upon such notice as is required by law. It is not void for all purposes, but has the force and effect of an annual settlement.

7. JUDGMENTS: EXECUTION MUST ISSUE FOR AND AGAINST ORIGINAL PARTIES: SCIRE FACIAS TO MAKE NEW PARTIES AND AGAINST WHOM IT MUST ISSUE.—As a general rule, no execution can issue in favor of, or against, a person who is not a party to the original judgment, or made so by some subsequent proceeding; nor can any person be made a defendant to the execution, by a subsequent proceeding, who is not chargeable with the debt or demand.  36 Miss. R. 384; 2 How. 601 ; 3 S. & M. 17.

8. JUDGMENT AGAINST ADMINISTRATORS: LIEN UPON WHAT.—A judgment

against an administrator, is only operative as a lien upon the property in the hands of the administrator to be administered. The real estate of a decedent does not vest in the administrator, nor is it primarily liable at all to the payment of debts. It vests immediately on the death of the ancestor in his heirs at law.

ERROR to the Probate Court of Madison county. Hon. M. M. Cooper, judge.

Wallace Henderson, in his last will and testament, bequeathed certain slaves to D. P. Herndon. Lawson F. Henderson was the executor of the will of Wallace Henderson,. and the guardian of D. P. Herndon. Lawson F. Henderson dies intestate, and Jefferson Love was appointed his administrator. Mary G. Herndon, who, after the death of Lawson F. Henderson, was appointed guardian of D. P. Herndon, obtained a decree in the Probate Court of Madison county against Love, administrator of Henderson, for the sum of $4,800. This decree was rendered on the 16th day of November, 1860.

Margaret Q. Treadwell and Ann E. Postell, both of whom were femes covert, were the only children and heirs at law of Lawson F. Henderson.

On the 16th of June, 1861, Jefferson Love, as administrator, petitions the clerk for an appeal to the High Court from the decree rendered on the 16th day of November, 1860. The Judge of Probate orders a writ of supersedeas to issue as prayed for upon petitioner entering into bond, with security. Love, at the date mentioned, executed his appeal bond, with security. On the 12th of January, 1861, an execution issued on the decree of Mary G. Herndon, guardian, against Jefferson Love, administrator, which was returned by the sheriff on the 20th of June, 1861, "superseded."

At the November term, 1860, of the court below, Love presented his final account. This account was filed, and with it the following waiver of citation:

"STATE OF MISSISSIPPI, *Madison County:*

" The undersigned distributees waive the issuance and service

of citation in this case, and consent to the allowance of the account as charged and stated.

> " J. H. Postell and
> " A. E. Postell,
>   " By J. H. Postell.
> " A. B. Treadwell and
> " M. Q. Treadwell,
>   " By A. B. Treadwell."

On the 17th of January, 1861, the following decree was made: That it appearing to the satisfaction of the court that A. B. Treadwell and Margaret Q. Treadwell, his wife, and Joseph H. Postell and Ann E. Postell, his wife, have been duly notified of said account, that Margaret Q. Treadwell and Ann E. Postell are the only heirs and distributees of the estate of Lawson F. Henderson, and their waiver of citation having been filed and endorsed on said account and their consent to its audition and allowance, it is therefore ordered that the same be allowed.

It further appearing to the court that there are certain judgments against said administrator which are not satisfied, it is agreed between all the parties now in court, that said distributees are to indemnify and save harmless said administrator on account of said judgments, and that the same are to be satisfied, compromised or resisted by said distributees at their own cost.

It further appearing to the court that all the personalty has been handed over to said distributees, it is ordered that said administrator be discharged from further accountability to this court.

At the April term, 1863, Ann E. Postell and A. B. Treadwell applied for letters of administration de bonis non, which applications had been continued to the present time.

It was in testimony that from January, 1861, Treadwell and wife and Postell and wife were in possession of all the estate, real and personal, that formerly belonged to Lawson F. Henderson.

At the October term, 1865, the following decree was made

in favor of Mary G. Herndon, guardian, *v.* Love, administrator:
It appearing to the satisfaction of the court that a decree was
made in favor of Mary G. Herndon and against Love, adminis-
trator of Lawson F. Henderson, and it also appearing of record
that the estate of Lawson F. Henderson is now in the hands of
A. B. Treadwell and wife and Ann E. Postell, it is decreed
that an execution on the above decree be issued against the
goods and chattels, lands and tenements of Lawson F. Hender-
son, in the hands of his said distributees and heirs.    There is
no evidence that Treadwell and wife, and Ann E. Postell, had
any notice of this proceeding.

Upon this decree an execution issued against plaintiffs in error,
and was levied upon certain property in their possession.
Plaintiffs in error moved to quash this execution for the reasons
stated in the opinion of the court.    The court below over-
ruled the motion, and plaintiffs in error sued out this writ of error.

*John Handy*, for plaintiffs in error, contended,

1. That an execution issued on a void judgment, or issued ir-
regularly, or which does not pursue the original judgment, or
if anything has intervened to make its issuance irregular, will
be quashed on motion.  2 Tidd's Practice, 808, 1021 ; Walker's R.
66, 175, 155 ;  3 S. & M. 17.

2. That Love having been discharged as administrator, there
was no person against whom an execution could issue, and that
whenever a third party is to be charged by the execution
of a judgment, it is necessary to make him a party by a *scire
facias*. *Smith* v. *Winston*, 2 How. 601 ; *Davis* v. *Helm*, 3 S. &
M. 17.

3. That the execution should be quashed because issued
against the lands of the deceased.    Upon the death of Hender-
son, his real estate vested in his heirs.    This title could only be
taken away by a proceeding in the Probate Court to have the
lands sold for the payment of debts. It could not be subjected by
a *scire facias* against the heirs. *Root* v. *McFerrin*, 37 Miss. 46 ;
*Foster* v. *Sumner*, 2 S. & M. 606 ;  *McCoy* v. *Nichols*, 4
How. R. 31 ; *Smith* v. *Winston*, 2 How. 60.

` 4. That there was a writ of error and supersedeas which had never been discharged.

*F. Smith, Tupper,* and *McMicken,* for defendant in error, contended,

1. The filing of a petition and bond, without the issuance of a writ of error, is a mere nullity after the lapse of three years, and no bar to the issuance of a second execution. *Butler* v. *Craig,* 27 Miss. R. 629.

2. That Love does not sign his name as administrator to the appeal bond, the decree was not against him in his individual capacity. He no longer represented the estate, and was not entitled to an appeal after final settlement. 1 How. 267 ; 2 Ib. 854 ; 5 Ib. 13, 298.

3. That Treadwell and wife, at the time of final settlement, appeared in open court, acknowledged receipt of the property, and bound themselves to pay off all liabilities. These facts appear of record and are binding upon the parties. 30 Miss. R. 453 ; 26 ib. 72 ; 37 ib. 482 ; 30 ib. 196 ; 4 How. 342.

4. The *fieri facias* was rightfully issued against the goods and chattels, lands and tenements of L. F. Henderson in the hands of his distributees. Rev. Code, 431, art. 31. *Powell* v. *Burns,* 35 Miss. 617 ; *Hutchings* v. *Brooks,* 31 Miss. 430.

Nor were the parties bound to sue out a *scire facias,* but may levy on property of the estate wherever found in the hands of distributees. *Brooks* v. *Lewis,* 1 How. 207 ; *Van Houten* v. *Riley,* 6 S. & M. 440–7.

5. The court will not annul a sale or quash an execution on the ground that it issued without *scire facias,* unless there is something to show that the judgment had been satisfied or was fraudulent. *Harper* v. *Hill,* 35 Miss. R. 73.

Harris, J., delivered the opinion of the court.

The questions presented in this case arise out of a motion made in the court below, to quash a writ of *fieri facias,* issued from the Probate Court, on the 13th day of October, 1865, in favor of the defendant in error against the plaintiffs, command-

ing the sheriff to make a certain sum of money therein specified out of the goods and chattels, *lands and tenements*, and estate, of Lawson F. Henderson deceased, in the hands and possession of said Margaret Q. Treadwell and Ann Elizabeth C. Postell, distributees of the estate of said Henderson deceased.

1st. Because said execution issued in violation of the "stay law."

2d. Because said execution issued against the lands of decedent, after the discharge of the administrator, and without revivor or *sci. fa.* against the heir, distributees, or terre-tenants.

3d. Because said execution commanded the sheriff to make the costs, without stating the amount thereof.

4th. Because the execution had been superseded, and said supersedeas remains, undischarged.

5th. Because the decree upon which it issued was void.

This motion was overruled upon the hearing in the court below, and a bill of exceptions taken and filed, setting out all the facts in evidence. The action of the court, overruling this motion, is the error complained of here.

It appears by the record, that on the 16th day of November, 1860, defendant in error, as guardian for D. P. Herndon, recovered a judgment, in the Probate Court, against Love as administrator of Lawson F. Henderson deceased. That on the 12th January, 1861, a writ of *fieri facias* issued on that judgment against the administrator. That on the 17th day of January, 1861, the administrator rendered his final account (as it was then regarded), and was ordered, upon an agreement between him and the distributees, to be discharged. That afterwards, on the application of Love, the Probate Court granted an order, superseding said execution, upon the petitioner executing bond, with security. The date of this order does not appear. That, on the 18th June, 1861, the bond was executed. No writ of error appears in the record; but the sheriff returned the execution superseded on the 20th June, 1861.

It further appears that, at the April term, 1861, of said Probate Court, application was made by Mrs. Postell, and also by

A. B. Treadwell, for letters of administration, *de bonis non*, on Henderson's estate, which has been continued ever since.

The matter stood thus until the October term, 1865, of the Probate Court of Madison county, when the court, so far as the record gives us any information, upon its own motion, without notice to any one interested, ordered the issuance of an execution on the original judgment, in favor of appellee, and against the estate, goods, chattels, *lands and tenements*, of L. F. Henderson deceased, in possession of said Treadwell and wife, and Mrs. Postell, as distributees of said estate. This execution was issued as directed, but with no bill of costs annexed.

It is first urged by the defendant in error, that the writ of error bond and supersedeas to the original judgment on which this execution was founded, were nullities, after the lapse of three years from the rendition of the decree.

This is not necessarily so ; the act of limitations, Code, p. 401, art. 17, limits the time of the issuance of the writ to three years from the rendition of the judgment or decree, but in this case there is nothing to show whether the writ of error has been sued out or not. It may now be pending in this court, for aught that appears in this record. But again, this act of limitations was suspended until twelve months after the war by the act of the 12th Dec. 1862, p. 78 ; so that the operation of the statute could not be invoked, if properly pleaded. A still further answer to this view is, that the defendant in error could not avail himself of the statute of limitations on this motion in the court below, as a plea in bar of a writ of error pending, or which might be pending, in the High Court of Errors and Appeals. If the writ of error had not been sued out and returned to the High Court in proper time, he should have moved for its dismissal there. Or if it had been filed there, he should have plead the statute in that court, if it had been in force.

The case of *Butler* v. *Craig* (28th Miss. R. p. 629) only holds that the failure of the clerk below to issue the writ of error within the time limited by the act, will not avail the plaintiff in error upon a plea of the statute in the High Court ;

and that his remedy, if he sustains injury by the negligence of the clerk in failing to issue it in time, is against him.

It is urged, further, as to the invalidity of the petition and bond for writ of error and supersedeas in this case, that it was sued out by Love in his individual character, and not as administrator; that the judgment being against him as administrator, and he having been discharged by order of the Probate Court, upon rendering his final account, he was no longer a *"party defendant"* after his discharge, and could not therefore apply for the writ.

Both the petition and bond, in this case, purport to be his act as administrator. The petition commences in these words: "Your petitioner, Jefferson Love, administrator of Lawson F. Henderson, deceased, respectfully shows," &c. The bond in like manner recites that "Jefferson Love, administrator of Lawson F. Henderson, deceased," and his securities "are held and firmly bound," &c., and both the petition and bond are signed "Jefferson Love." His official character is sufficiently stated in the body of both instruments, and clearly indicates his intention to speak and bind himself in his representative character. It has been too often, and too long settled, that a public officer, whose character as such is stated in the body of the certificate, or other instrument executed by him in his official capacity, need not do more than append his name, to require reasoning or citation of authority on that subject.

But it is said that he had been discharged from his trust before the execution of these instruments, and could not therefore further act in his character of administrator, and that the bond is for this reason void.

It appears in this record, that by an arrangement between the husbands of the distributees of the estate of Lawson F. Henderson, deceased, and the administrator Love, the Probate Court discharged him from further accountability to that court. This was done without notice to the distributees. The record shows no citation ever issued; but it recites that, "it appearing to the court that A. B. Treadwell and his wife, Margaret Q. Treadwell, and Joseph H. Postell and his wife, Ann E. C. Postell,

having been duly notified," &c., and that " Margaret Q. Tread-well and Ann E. C. Postell are the only heirs at law and dis-tributees of the estate of Lawson F. Henderson, deceased, and *their waiver of citation having been filed endorsed on said ac-count, and their consent to its audition and allowance,"* &c. This waiver of citation and consent, as appears by the record, is signed by Postell and Treadwell for their wives respectively ; and this is evidently the evidence upon which is based the recital in the record that the distributees had been "duly notified," as there is no citation returned executed appearing in the record.

The question then arises, whether this was a waiver of notice by these distributees,. or whether their husbands, in the absence of any evidence of authority, could waive for them the notice required by the statute, upon the application of the adminis-trator to surrender his trust.   Code, p. 439, art. 67.

Upon this point we think it clear that the husband has no such right, under our law.   He is not the general agent of the wife, in relation to her separate estate.   *Atwood* v. *Meredith, et al.* 37 Miss. 635, 641.   And to allow the husband thus to bind the wife, and conclude her by the judgments of the Pro-bate, or other courts, would defeat the whole policy of the law, in reference to the separate property of married women.

This was, therefore, a judgment or decree of the Probate Court, without the notice required by the statute above cited. And this court has often held, in reference to this and all other courts, upon general principles, that their judgments are void, as against all parties interested therein, who, for want of notice, have been excluded from their day in court.

In the case of *Neal* v. *Willows,* 12th S. & M., 649, it was held, that a final settlement and discharge of an administrator, without giving the notice required by the statute, is void. *Neylands et al.* v. *Burgh et al.,* 14th S. & M., p. 201, is to the same point.   In the subsequent case of *Winborn* v. *King et al.,* this court says, " A final settlement, to be conclusive upon the parties interested in the estate, and *to have the effect of discharg-ing an administrator,* can only be made upon notice, such as

the statute requires, and the record must show the notice. But the proceeding is not void for all purposes. It has such force and effect as the law gives to *ex parte* settlements, or, as they are usually called, "annual settlements." They are valid to this extent, because the law requires no notice in the case of *annual returns*, or settlements, made by an administrator; all parties in interest having the right to be heard in relation to them after notice, when final settlement is proposed to be made.

The account filed as a final account is then to be regarded as an *annual account* of the administrator Love filed at the November Term, 1860; and it follows from art. 67 Code, p. 459, that the administrator Love was not discharged by the decree of January, 1861. This article provides that " every executor or administrator who may be removed or surrender his trust, shall continue to be answerable to the jurisdiction of the court, until final settlement and satisfaction shall be made, and until that time, shall be liable on his bond.

It follows from this that he had the right to execute the writ of error bond and apply for the writ of error in this case.

It is next insisted that the *fieri facias* was rightfully issued against the goods and chattels, *lands and tenements*, of Lawson F. Henderson, deceased, in the possession of the distributors.

The judgment on which the execution is ordered by the court to be issued, was originally in favor of *Mrs. Herndon, guardian, &c.,* v. *Jefferson Love,* administrator of the estate of Lawson F. Henderson deceased.

The order was made without any proceeding, or notice, whatever, and directs the execution to issue against persons who were not parties to the original judgment; and further directs the sale of the lands of the decedent, in the hands and possession of the heirs at law, under a judgment obtained against the administrator, after the death of the decedent.

The order was void—if it could have been made at all—for the want of notice. In the case of *New Orleans and Jackson R. R. Co.,* v. *Rollins,* administrator, 36th Miss. R., p. 384, it is said " As a general rule, no execution can ever issue in favor of or against a person who is not a party to the original judg-

ment, or made so by some proceeding subsequent thereto—Bacon, Abr. C. 4 ; 2 Tucker, Com. p. 340. " Nor can any person be made a defendant to the execution, by such subsequent proceedings, who is not chargeable with the debt or demand." Bacon, Abr. Executor, F. G. & 2d Lord Raymond, 768.   In such case a *scire facias* is necessary.   *Smith* v. *Winston*, 2d How. 601 ; *Davis* v. *Helm*, 3d S. & M., 17.

But in this case no execution could have been properly issued, even upon notice by *scire facias*, against the real estate of this decedent, in the possession of his heirs at law.   No judgment was obtained against the ancestor in his lifetime, and consequently no lien. existed.

The judgment *against the administrator* of the decedent could only be operative as a lien, upon the property in the hands of the administrator, to be administered.   The real estate of the ancestor does not vest in the administrator, nor is it primarily liable at all to the payment of debts.   The administrator, as such, has no interest in, or power over, the real estate of the decedent.   But it vests immediately on the death of the ancestor in his heirs at law.

Neither art. 31, p. 431, of the Code, nor the case of *Powell* v. *Burns*, 35th Miss. R. p. 605, has the least application to this case, as here presented.

Nor have the cases of *Brooks* v. *Lewis*, 1 How. p. 207, and *Van Houten* v. *Riley*, 6th S. & M. p. 440.   These were both cases where judgments had been obtained against the administrator, and levied on personal property belonging to the estate of a decedent.   Whether we regard the execution as superseded, or as issued against third parties without notice, or against the *lands* of decedent in the hands of the heirs, in either view of this case the motion to quash the execution should have been sustained.

Let the judgment of the court below, upon the motion of plaintiff in error to quash the execution, be reversed and an order quashing the execution entered here.