ELIZABETH LANGSTON et al. v. R. R. ABNEY.

1. JUDGMENT—SCIRE FACIAS—REVIVOR.—It is well settled that irregularities or errors which might be sufficient to reverse the judgment on writ of error, cannot be made to avail as a defense to a *scire facias*, and that the only pleas that can be put in are such as rely on matter in bar, subsequent to the judgment, such as discharge, payment, or the like.

2. SAME.—The right of a judgment plaintiff to revive against heirs a judgment recovered against their ancestor, depends upon the condition whether real assets liable to be subjected to the satisfaction of the judgment have descended to the heirs from the ancestor who was defendant to the judgment—the single object being to reach such lands. And if it appear of record that real estate so descended is not thus liable, then there is no right of revivor against the heirs.

3. JUDGMENT LIEN.—Judgment against an administrator or executor binds only the goods and chattels, and lands cannot be sold under it. The legal representative succeeds by representation to the legal ownership of the personalty. But he takes no title or interest in the lands, and has no concern in them except as power over them is conferred upon him by statute, for certain purposes.

Error to the circuit court of Jasper county.   WATTS, J.

The errors assigned are as follows:

The court erred in reviving the judgment against the heirs of J. M. Langston, deceased—

1st. Because no judgment was ever rendered against decedent in his life-time.

2d. Because the heirs were not parties nor privies to the original suit.

3d. Because the judgment sought to be revived was void: 1st. Because it was rendered upon three separate and distinct contracts made with different parties, at different dates, and drawing different rates of interest; and 2d. Because the judgment was entered up against the " goods, and chattels, lands and tenements of deceased, now in the hands of said administrator;" and 3d. Because the original judgment draws a different rate of interest from one of the notes sued on.

4th. Because the original judgment is not correctly described in the judgment of revivor.

5th. There was no legal service of the *scire facias*.

*Hardy & Acker*, for plaintiffs in error.

The first error seems sufficient to dispose of the case under the ruling in the case of Treadwell v. Herndon, 41 Miss., 48.

The court says: " But in this case no execution could have been properly issued, even upon notice by *scire facias* against the real estate of this decedent in the possession of his heirs at law." " No judgment was obtained against the ancestor in his life-time, and consequently no lien existed," etc. See also, McAfee v. Patterson, 2 S. & M., 593 ; Commercial Bank of Manchester v. Kendall, 13 S. & M., 278 ; Person v. Valentine, ib., 551 ; Anderson v. Williams, 14 S. & M., 684 ; Bridges v. The State, ib., 153.   There was no legal service of the writ of *sci. fa.*   See Rev. Code, p. 490, art. 73 ; also art. 64, p. 489.   Woolley v. Bowie, 41 Miss., 553 ; Sawyers v. Smith, ib., 554 ; Ford v. Coleman, Britton & Withers, ib., 651 ; Glenn v. Wragg, ib , 654.

*Street & Chapman,* for defendants in error.

The first error assigned by appellants is, " That there was no judgment ever rendered against deceased in his life-time." It is true the judgment was rendered against the administrator, but it is urged that that is sufficient to base the *scire facias* on to revive the same against the heirs of decedent, so as to create a lien on the real estate.   Otherwise, where is the remedy of the judgment creditor against his deceased debtor ?   The authority relied upon by the plaintiffs in error, does not seem to be applicable to this case.   In that case, 41 Miss., p. 48 ; this question was not brought directly before the court.

The second error assigned is not well taken.   If the heirs had been parties to the original suit, there could have been no necessity for a *sci. fa.*

The third assignment is not sufficient to reverse the judgment.   If the judgment was otherwise correct, this court can render a *remititer* for the excess of interest on the small note of $68 82.

As to the fourth assignment, that the " original judgment is not correctly described in the judgment of revivor."   The petitions and *sci. fa.* state correctly the original judgment, and the error complained of is a mere clerical one, and no injustice is done to the parties.

The fifth assignment is not tenable. It is insisted that the service of the *sci. fa.* by the sheriff, is sufficient, under the statute, and the authority relied on by plaintiffs in error does not sustain them. The other authority relied upon by the plaintiff in error, to sustain them in the first cause of error assigned, it is conceived, does not reach this case.

SIMRALL, J.:

R. R. Abney recovered judgment in the circuit court of Jasper county against Wilson West, administrator, etc., of J. M. Langston deceased, for $255 82 on the 27th of September, 1866. Some time after this, Abney filed a written suggestion in the form of a petition, asking that the plaintiffs in error, the heirs at law of J. M. Langston, deceased, be made defendants thereto—in which he alleged that execution on his judgment against the administrator had been returned *nulla bona*—that the heirs had valuable lands by descent from the intestate, praying that the judgment might be revived against them.

On the 25th of March, A. D. 1867, a writ in the nature of a *scire facias* was directed to the plaintiffs in error to appear at the next term of the circuit court, and show cause why the judgment should not be revived against them, as heirs of the deceased. At the September term, 1868, of the court, several of the plaintiffs in error, being infants, put in the formal answer, by D. A. Hittle, guardian *ad litem*, to the petition of Abney. Then follows a statement that the *scire facias* had been duly executed upon all the parties, and that Duncan A. Hittle be appointed guardian *ad litem* for Sophia, Ann, William, and James Langston, minors, "who appear in open court and acknowledge the existence of the judgment. Therefore, it is considered that the judgment be revived against the plaintiffs in error, and that execution issue thereon."

Errors assigned are : 1st. No judgment was rendered against deceased in his life-time ; 2d. Because the heirs were not parties to the original suit; 3d. Because the original judgment is void ; 4th. No legal service of *scire facias*.

The counsel for the plaintiffs in error, in argument, questions the correctness of the original judgment. It is well settled that irregularities or errors, which might be sufficient to reverse the judgment on writ of error, cannot be made to avail as defense to the *scire facias*. McLeod v. Harper, adm'r, [MS. Opinion]; McAfee v. Patterson, 2 S. & M., 595; and that the only pleas that can be put in, are such as rely on matter in bar, subsequent to the judgment, such as discharge, payment, etc.

2d. Can this judgment be revived against the heirs of the intestate? The right to revive is dependent on the condition whether real assets liable to the satisfaction of this judgment have descended to these heirs; the single object being to reach the lands. Lands, *sub modo*, are chargeable with all the debts of a decedent—or, rather the right to subject them, on certain terms, exists. The mode is pointed out by the law. If there be a judgment recovered against the intestate, in his life-time, satisfaction may be had out of the lands descended, through proceedings on *scire facias*. This becomes necessary, because new parties are to be made chargeable with the judgment. Davis v. Helm, 3 S. & M., 35. If it appears of record, that the real estate descended, is not liable to the judgment, then there is no right to revive against the heirs. It is well settled by adjudications that the judgment against the administrator or executor, binds only the goods and chattels, and that the lands cannot be sold under it. The legal representative succeeds, by representation, to the legal ownership of the personalty. As to the lands, he takes neither title or interest, and has no concern with them, except as power over them is conferred upon him by law, for certain purposes. "No person can be made defendant to an execution, by subsequent proceedings, who is not chargeable with the debt or demand." 2 Lord Raymond, 768; N. O. J. & G. N. R. R. Co. v. Rollins, admr., 36 Miss. Rep., 384; Treadwell v. Herndon, 41 Miss. Rep., 48. The very lucid reasoning of the Chief Justice, in the case of Smith & Montgomery v. Winston & Sanson, 2 How., 603-4-5, goes on the idea that

the heir must have his day in court, in order to show that the lands ought not to be subjected to the debt, nor is there foundation for the proceeding, if the lands cannot be sold to satisfy the judgment—case just cited. Dye v. Bartlett, 7 How., 224; Com. Bank of Manchester v. Kendall, 13 S & M., 280. There being no right to subject the lands descended to the heirs of the intestate, to the satisfaction of the judgment against his administrator, the judgment of the circuit court is reversed.

And ordered here that the Scire Facias be Dismissed.