WILLIAM STRONG, ADMINISTRATOR OF THE ESTATE OF AMORY HOLBROOK, RESPONDENT, *v.* W. H. BARNHART, APPELLANT.

JUDGMENT—EXECUTION ON PROCEEDING TO OBTAIN WRIT OF WHAT DEFENSE ADMISSIBLE—PRESUMPTIONS IN FAVOR OF JUDGMENT.—On a proceeding for leave to issue execution on a dormant judgment, such judgment cannot be questioned for want of jurisdiction, unless such want of jurisdiction appears on the record. In such a proceeding the same presumptions obtain in favor of the validity of the judgment that would obtain in case it was attacked collaterally, and the only defense admissible is either that there is no such judgment, or that it has been in some way discharged.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

*Simpson & Waldo*, for appellant:

The appellant herein objected in the court below to the granting of said motion, for the reason that it appeared by the whole record when introduced in evidence, that the proper legal steps required by law to be taken before the court could acquire jurisdiction of the person of the defendant, to authorize the rendition of such alleged judgment, had not been taken; and that, therefore, said alleged judgment was *coram non judice* and void.

The only evidence of the service of process upon William H. Barnhart was a certain paper found in the judgment-

roll, purporting to be a summons, and an indorsement upon it, which said indorsement reads as follows, to wit:

"I hereby certify that I served the within summons by delivering a certified copy of the same, together with a copy of the complaint, to Wm. H. Barnhart, this tenth day of December, 1855.          Wm. M. Millan, Sheriff."

There was no other evidence of the service of process on said Barnhart than what appeared by said alleged certificate so indorsed on said paper, and no pretense that there was any other, or that he appeared in the action.

This certificate fails in several particulars to show such service as the statute demands, to support a judgment by default: 1. There is no venue to the return. A venue is to be found in all the forms. (Crocker on Sheriff's Form No. 120; 1 Wait's Pr. 543.) 2. The statute required that the summons should be served "by the sheriff of the county where the defendant is found." (Gen. Laws, 1855, p. 86.) The return does not show this fact. 3. The statute also required that with the summons should be served a copy of the complaint, "prepared by the plaintiff, his agent or attorney." The return does not show that the copy of the complaint served was so certified, or that it was certified at all. 4. It does not appear from the return who certified to the copy of the summons alleged to be served. 5. The statute required the return to state the place of service. This it does not do. "From the time of the service of the summons in an action at law, the court shall be deemed to have acquired jurisdiction." (Gen. Laws, 1855, p. 88.)

The statute has prescribed the process by which jurisdiction of the person is acquired. The service must be made by certain authorized persons in a certain way, and with definite restrictions as to time and place. (4 Or. 11, 17, 18; 26 Wisc. 390.) The person, the time, the place, the manner, are all essential ingredients in a due service of process.

"In order to a legal service, the service must be, of course, by some one authorized, as well by his personal capacity to act, as by the existence of the particular parts

which impart the authority or control the mode of action. The mere fact that A. serves a paper, is not even *prima facie* evidence of his right to serve it. He must be the person described in the statute, and must act in the manner prescribed by law. This is necessary, in order to give him his authority, and this must appear by the record in order to show the authority. The validity of the act depends upon its being authorized, and this must appear in the record." (*McMillan* v. *Reynolds*, 11 Cal. 379.)

Now, that the proof of the due service of process as shown by the bill of exceptions is imperfect, at least, is certain. But the respondent assumes that this imperfection is of no consequence; that "the jurisdiction of a superior court is presumed;" that it is only the proof of service that is imperfect; that the fact of service is not shown to be faulty, and hence will be presumed by the court to have been regular and well made.

A court sits to "hear and determine." It does not find evidence or furnish proof of facts of which by law it does not take judicial knowledge. The case before the court depends upon a jurisdictional fact, which was required to be established and proved by parties authorized by law to make such proof, and to be proved in a certain way. The proof actually made was not such as the law required; that fact appears upon the face of the record. It is a rule as old as the common law, that no man shall be deprived of his property without due process of law; and, "the cornerstone of a proceeding at common law was, that no judgment could be given against a defendant unless he appeared in the action. Out of this important fact grew the reasonable presumption that the record was absolutely true, and the court had jurisdiction to render the judgment. But the law ceases with the reason of it." "It had its origin and is only applicable to a procedure in which judgment could not be given against a defendant, unless he was not only personally summoned, but was arrested and appeared in the action. If he did not appear, his goods and the profits of his lands might be restrained, *ad infinitum*, to compel an appearance; or, if he absconded, he might be outlawed,

but no judgment could be given against him in the action until he appeared, or was heard." (3 Bl. Com. 280 *et seq.; Hess* v. *Cole,* 3 Zab. 116; *Neff* v. *Pennoyer,* March, 1875.

In the case of *Harris* v. *Hardman,* 14 How. 334, a defective return of service upon which a judgment by default was rendered, was held insufficient to give the court jurisdiction, and that such judgment was void. The return was as follows: "Executed on the defendant Hardman by leaving a true copy at his residence." The section of the statute of Mississippi, under which the service was made, was similar to our own. (Civ. Code, subd. 5, sec. 54.) The, principle enunciated in *Harris* v. *Hardman* is directly in point—that to support a judgment by default, where the record is made up *ex parte,* the return of service must show that the defendant has been regularly summoned.

In *Wilson* v. *Greathouse,* 1 Scam. 174, a return in these words: "Executed on the within defendant by his reading the within," was held insufficient. That a judgment by default on such a return of service, was void. The statute required that the service should be made by reading. The defect in the return was that the date of service was not stated, so that the court could determine whether process had been served within the time required by law before the defendant could be in default. It did not seem to occur to the court that this fact might be presumed. The judgment was that of a justice of the peace, but the court announced principles applicable to all courts where the method of acquiring jurisdiction is by summons directed to the defendant. However, in *Parson* v. *Dwire,* 23 Ill. 574, the judgment by default was that of a court of superior jurisdiction, and a return less defective than the preceding, was held insufficient to give the court jurisdiction of the person of the defendant; and it was further decided that "the judgment was utterly void, and as such could be objected to at any time, and in any proceeding, whether direct or collateral."

So in *Gilbreath* v. *Kuykendall,* 1 Ark. 52, where the summons was returned served " by reading the same to him," without stating to the defendant, and it not appearing by

other parts of the return that such was the fact, the return was considered too indefinite and uncertain; from this defect alone it would seem "to be the foundation of a judgment by default." The return ought to show, "with reasonable certainty, the time, place, and manner of service, and the name of the person or party upon whom it was made, so that it may appear to the court that the service was made in conformity with the provisions of the statute, upon the person or party named in the writ, at a proper time and within the jurisdiction of the officer making it." (2 Mass. 154; 13 Id. 483; *Ex parte* Cross, 7 Ark. 44; *Graves* v. *Robertson*, 22 Texas, 130; 20 Texas, 130.) *Dawson* v. *The State Bank*, 3 Ark. 505, is to the same effect.

*O'Brien* v. *S. F. and T. Canal Co.*, 10 Cal. 343, was also a judgment by default. The return of the sheriff that he served the summons "upon James Steel, one of the proprietors of the company," was held an insufficient service upon a corporation to give the court jurisdiction. The return fails, says Field, J., to show that Steel was "president or head of the corporation, or secretary, cashier, or managing agent thereof;" yet, it would seem, if presumptions were admissible to fill out defective returns, the court might have presumed Steel to be one of these persons. A vital distinction between cases like these just cited, and another class of cases, lies in the fact that where a record is silent on a certain point, and a legal presumption is indulged in its favor, the presumption is not an invention of the court to supply the place of evidence that was not and could not have been before the court, but is a presumption that evidence was before the court of the fact on which the record is silent.

This was so in such cases as *Forbes* v. *Hyde*, 31 Cal., and *Hahn* v. *Kelly*, 34 Cal. Thus, in *Hahn* v. *Kelly*, 34 Cal., the point was made that the judgment was void, because the affidavit of publication of summons did not show that the affiant was printer, foreman, or principal clerk of the newspaper in which the summons was published. But "it is to be presumed," says the court, in the latter case, p. 421, "that such evidence was furnished to the court before the judgment was rendered."

The proof of service upon which the judgment against the appellant was rendered, appears on the face of the record. There is no room for any presumption in favor of the validity of the judgment. It must stand or fall, as his proof is good or bad. The presumption at common law, to illustrate by an application to this case, was not that the person serving the summons made a regular legal service, although the fact does not appear by the certificate, but that the fact that he did make such a service was shown to the court by other proof.

The respondent endeavors to make the rule applicable to this case by contending that, although the return does not show upon its face a regular service, yet, for aught that appears from the return, the summons might have been regular, and hence the court must presume it to have been so. But can that be a correct rule of law, which calls upon a court to presume that to be true which is incontestibly false? Whether the service was regular in fact, or whether not regular, cannot be known by this court, and could not have been known by the court rendering the judgment. But the proof now before this court was certainly the proof and the only proof before that. The statute prescribes how proof of service shall be made, and the record shows that proof of service was before the court, and what that proof was. It cannot be presumed against the face of the record that there was any other or different proof. Actual records would lose their value somewhat if, whenever a record was found defective, another could be created by presumption to supply its place. There is not a case in our own reports, hereafter to be cited, or elsewhere, where the judgment could not have been upheld by such an unfailing remedy for bad records. (*Galpin* v. *Page*, 18 Wall. 366; 14 Wisc. 35; 4 Or. 14, 15, 18, 19.)

The validity of the judgment depends, then, solely on the sufficiency or insufficiency of the proof of jurisdiction over the person of the defendant, set forth in the bill of exceptions. The insufficiency of this proof is manifest. In *Trullenger* v. *Todd*, 5 Or. 36, a judgment by default was declared void, because the return of service of summons

failed to disclose the fact that the defendant could not be found. In *Harris* v. *Hardman*, heretofore cited, the same defect occurred in the return, and the same view was taken of such defect as in *Trullenger* v. *Todd*. *Trullenger* v. *Todd* announces distinctly that the presumption of jurisdiction, or, in other words, the presumption in favor of the record, is wanting where the record itself discloses that the proof of the service of summons upon the defendant was too defective to warrant the entry of judgment against him. The method of attacking the judgment by appeal, had nothing to do with the decision. The judgment was set aside because it was void.

The want of jurisdiction may not appear. But if a judgment is set aside on appeal, for want of jurisdiction to enter it, and the same evidence of such want of jurisdiction appears in any collateral proceeding, it ought to set aside as well. There can be no distinction in law, or reason between a direct and collateral attack on a judgment, when its invalidity is shown by the record itself. (See, also, *Smith* v. *Ellendale Mill Co.*, 4 Or. 70; *Willamette Falls Co.* v. *Williams*, 1 Or. 112.)

Besides, the statute explicitly declares that the return "must" state the place of service. Can the court dispense with this provision of the service? As a provision of the statute it is a law; and is not a return made in plain violation of it, incurably defective?

In *Heatherly* v. *Hadley*, 4 Or. 1, the proof of the service of summons did not show that a copy of the complaint certified " by the plaintiff, his agent or attorney " was served with the summons. In a direct attack, this defect was held fatal to the decree rendered on such service. The argument, heretofore, has been applicable to collateral attacks, but in *Hunsaker* v. *Coffin*, 2 Or. 112, this court declared a motion under the statute to revive a judgment to be, not a collateral, but a direct proceeding. The case of *Heatherly* v. *Hadley*, is, therefore, precisely in point; for the certificate in this case fails to show that the copy of the complaint served was certified at all.

*Thayer & Williams and William Strong,* for respondent:

Does this record show that the court rendering the judgment did not have jurisdiction of the person of defendant Barnhart? This must be shown affirmatively, because if the record shows nothing as to the manner in which jurisdiction of the person was acquired, it is conclusively presumed to have had such jurisdiction, the court where the judgment was rendered being a court of record, having common law jurisdiction. (Freem. on Judg. 126; Cooly's Const. Lim. 406, *et sub* and notes.) The plea to a *scire facias,* is *nul tiel* record, payment, etc. (2 Payne and Durer, 424.) Questions which go to impeach the record cannot be raised upon a *scire facias.* (4 Cow. 457; 40 Geo. 148; Freem. on Judg., sec. 445 and notes.)

The objection is upon the insufficiency of the service. That it was not made by any duly authorized officer. That the person serving it does not appear to have been the sheriff of Multnomah county. While we are ready to admit that the return is informal, and that possibly a judgment taken by default upon such a return might be reversed upon error, yet we do insist that the judgment is not void. The return is signed, "Wm. McMillan, Sheriff." The court is presumed to know its own officers, and officers are presumed to act within their jurisdiction.

We take the ground that even if it were true that Wm. McMillan was not sheriff, the judgment cannot for this reason be impeached in this proceeding. This record does not show that the writ was not properly served by a proper officer. McMillan subscribes himself as sheriff, and it is immaterial whether he was sheriff of Multnomah or of any other county in the state. Date of the service would give more than thirty days prior to the first day of the next term of the court to which the defendant is required to appear. The service was made on the tenth day of December, 1855. The next term of the court commenced on the first Monday in March, 1856. (Acts of 1855–56, 71.)

The counsel for appellant, upon the argument before the circuit court, referred to the case of *Hunsaker* v. *Coffin,* decided by this court in 1864. (2 Or. 107.) That case, how-

ever, is not in point, because° the court there held that there was no legal summons, therefore no summons. The remark of the judge, in announcing the decision, that the case was between the same parties, and no tension of terms could make it a collateral proceeding, was not called for, and was *obiter*. It is so contrary to principle and authority, that it must have been inadvertently made.

The reason given for the *dictum*, that the motion is between the same parties, and the subject-matter the same, is equally applicable to the case of an action brought upon a judgment, where the record of the judgment is offered to prove its existence. The true rule is, that every proceeding is collateral except an appeal or writ of review, and they cannot be brought unless within the time limited by law. If the *dicta* is sound law, then proceedings by writ of review should be abolished. The same object can be accomplished by an objection to the validity of the judgment wherever it is sought to be enforced. (Cooley's Const. Lim. 406.)

The most that can be alleged against this return is that it does not show all that might be required, but it does not show anything inconsistent with a due service. In case of an attempted service of process, the presumption exists that the court considered and determined the question; whether the acts done were sufficient or insufficient. We refer to the following authorities: Freeman on Judg., secs. 125, 126, and the authorities cited in the notes; also, 2 Hill, 517; Cooly's Const. Lim. 406–409 and notes.

By the Court, Boise, J.:

This is a proceeding under the statute for leave to issue an execution on a dormant judgment. The appellant herein objected in the court below to the granting of the motion for leave to issue execution for the reason that it appeared by the record of said dormant judgment, that there had been no proper service on the defendant Barnhart to give the court jurisdiction of his person, so as to render a valid judgment against him.

The return of this service, às appears in the record, is as follows:

"I hereby certify that I served the within summons by delivering a certified copy of the same, together with a copy of the complaint, to Wm. H. Barnhart, this tenth day of December, 1855.

"Wm. H. C. MILLIAN, Sheriff."

There is no other evidence of the service of process on said Barnhart, in the judgment-roll. This service is indorsed on the summons.

It is claimed by the appellant that such a return did not give the court jurisdiction: 1. It is claimed that this return has no venue; 2. It does not show it was served by the sheriff of the county; 3. It does not show that a certified copy of the complaint was served; 4. It does not show in what county or state the process was served.

It is claimed that this judgment is absolutely void and not voidable, and that the judgment has no validity for any purpose, and can be attacked collaterally and impeached for want of jurisdiction of the court when offered in evidence in this case, provided this shall be regarded by the court as a collateral attack. But it is insisted that this is a continuation of the same suit, and that this is a direct, and not a collateral attack, and that there are no presumptions which will prevent inquiry behind this judgment in this case, and that the regularity of the proceedings of the court in rendering this judgment are as subject to inquiry now as on an appeal. In order to determine the effect that should be given to this judgment, it will be necessary to inquire what defense was interposed in this case.

This is a proceeding in the nature of a *scire facias*, which is a judicial writ to obtain execution on a judgment, and issues out of the court where the record is, and the same defenses only can be pleaded in this proceeding that were pleadable to a *scire facias*. The only pleas to a *scire facias* were either *nul tiel* record, or payment, accord and satisfaction, or some matter which showed that the judgment had been discharged. It is a maxim of the law, says Mr. Chitty, "that there can be no averment in pleading against the

validity of a record, though there may be against its opera-
tion, therefore no matter of defense can be pleaded which
existed anterior to the recovery of the judgment."

The only defense then that can be set up to this judg-
ment is either that there is no such judgment, or that it is
in some way discharged. (1 Chitty Pl. 485; Freeman on
Judgments, sec. 445; 13 How. Pr. 178.) It makes no dif-
ference whether this is considered a continuation of the
original case or a new case on the judgment. For if this
judgment were sued in another court of this state, and was
offered in evidence, it would not be subject to be questioned
for want of jurisdiction, unless such want of jurisdiction
appeared in the record and showed that the pretended
judgment was absolutely void, and consequently no judg-
ment.

In this case we think, therefore, that the same presump-
tions in favor of the judgment obtain which would be
entertained in its favor were it attacked collaterally. And
we conclude from the well established rules on this subject
that the presumptions obtain in favor of the validity of a
judgment in all cases where its authority is invoked, unless
the same is directly attacked by appeal or some other legal
mode which opens the judgment and authorizes inquiry
into the facts which were the subject of the judicial in-
vestigation and determination as the foundation of the
judgment. As an authority to maintain the position that
the facts on which the judgment was founded may now be
open to inquiry, the appellants rely on the authority of the
case of *Hunsaker* v. *Coffin,* 2 Or. 107. In that case the
summons required the defendant to appear forthwith, and
was therefore in direct contravention of the statute, and
was void, and the service of such a summons would be
simply void, and not an irregularity. So in that case the
judgment was void, because on inspecting the judgment-
roll it was found that there was no legal summons. In that
case there is no recital in the record that the defendant had
been duly summoned, so there was no record showing that
the court passed on the question of jurisdiction except the
presumption arising from the court having entered a judg-

ment in its journal, such a judgment being found in the journal. Jurisdiction would be presumed unless some other part of the record showed want of jurisdiction. In the case of *Hunsaker* v. *Coffin*, on looking into the judgment it was found an illegal summons had been served, and the record showed that the court did not have jurisdiction of the defendant Coffin. In that case the record taken altogether showed that the court did not have jurisdiction of the person, and the presumption arising from the appearance of the judgment in the journal was overcome. (Freeman on Judgments; *Hahn* v. *Kelly*, 34 Cal. 391.)

In the case of Hunsaker the court was evidently right in coming to the conclusion that the judgment was void in refusing the motion or execution. In that case there was no attempt to attack the judgment for any other reason than that it was null on its face, and the remark of the court that the case stood in a different position as to presumptions in its favor, than where the attack is collateral, was not necessary in giving judgment against the motion, and was *obiter*, for the judgment was void and could be used for no purpose. The case now before the court is different. There is a complaint and summons and an attempted service which is as follows:

"I hereby certify that I served the within summons by delivering a certified copy of the same, together with a copy of the complaint to Wm. Barnhart, this tenth day of December, 1875.          Wm. McMillan, Sheriff."

This service is defective in not stating enough to show on its face that all the requirements of the statute in making the service had been complied with, nor does it show but what all these requirements had been complied with. It may have been in Multnomah county, by a sheriff of that county, and the copy of the complaint may have been properly certified. Now the question is, was this a defective service or no service at all? The service was in the record, and before the court. The court is presumed to have passed on this defective service and held it sufficient. Such a holding may have been erroneous, and could have

been corrected on appeal and the judgment reversed and sent to the court below for further proceedings, when the defective service could have been amended, provided the officers had done the acts necessary to make a good service, all of which were not mentioned in the record. This is different from a case where it appears that the court could not have jurisdiction. We think this service was irregular, and the court having held it sufficient, and no appeal being taken, that the jurisdiction of the court will be presumed.

Judgment of the court below affirmed.