## CASSILL v. MORROW *et al.*

1. After revival of a dormant judgment against defendant, a suit was brought to subject thereto lands to which defendant's wife held title. Defendant's answer alleged that G., acting as his wife's agent, had procured from the one who obtained the judgment an agreement to compromise it for $152, but that G. had fraudulently secured an assignment of it to the one owning it at the time of suit for $152. Defendant tendered $152 into court, and asked that the judgment be decreed satisfied. *Held* that, as Comp. Laws, § 5111, declares an application to revive a dormant judgment must be denied unless it be established that it is wholly or in part unsatisfied, defendant was not estopped, by the order reviving the judgment, from making his equitable defense to the suit on the ground that it might have been litigated on the hearing of the application for revival, since, under Id. § 5111, such defense would have been insufficient, and could not have been litigated.

2. Where, in a suit to subject lands to which the defendant's wife held title to the payment of a judgment against defendant, defendant's answer alleged that G., acting as his agent had procured from the one who obtained the judgment an agreement to compromise it for $152, but that G. fraudulently conspired with the one owning the judgment at time of suit, and procured an assignment of it to him, and no evidence was offered tending to establish knowledge or conspiracy on the part of the purchaser, a finding that the purchaser had notice of G.'s agency for defendant could not be justified on a presumption that G. imparted his duplicity and violation of confidence to the purchaser.

3. Nor would a finding that the purchaser had notice of G.'s duplicity be justified on the ground that knowledge of G. was notice to the purchaser as G.'s principal in the procuring of the assignment to such purchaser.

4. In a suit to subject lands to which defendant's wife had the legal title to the lien of a judgment against defendant on the ground that defendant was the real owner, defendant's answer denied ownership of the lands, and demanded that the judgment be satisfied by $152 tendered into court, on the ground that an agent employed by him to endeavor to compromise the judgment, had secured an agreement of compromise for

$152, and thereupon fraudulently conspired with the then owner of the judgment, and secured an assignment to him for $152. There was a finding for defendant on the equitable defense, but no finding on the question of ownership. *Held*, that the court erred in not finding on the material question of ownership.

(Opinion filed April 3, 1900).

Appeal from circuit court, Lincoln county. Hon. Joseph W. Jones, Judge.

Suit by C. H. Cassill, receiver of the property of Joseph Morrow, against Joseph Morrow and another, to subject certain real property to the lien of a judgment. From a decree in favor of defendants and an order overruling a motion for a new trial, complainant appeals. Reversed.

*C. D. Muxen, Arthur R. Brown,* and *Aikens & Judge,* for appellant.

*C. B. Kennedy,* for respondents.

Fuller, P. J. Pursuant to leave of court first obtained. and upon due notice, an execution issued on a dormant judgment against the defendant Joseph Morrow, and was returned wholly unsatisfied prior to the commencement of this action to subject to the lien thereof certain real property to which the defendant Eliza Morrow holds the legal title, and of which it is allged her husband, the defendant Joseph Morrow, is the real owner. In his answer such ownership of the property, or any interest whatever in the defendant Joseph Morrow, is expressly denied, and as a further defense it is alleged, "That on or about the first day of April, 1893, the judgment referred to in the plaintiff's complaint as a basis of this action was the property of Russell & Co.; that at the time this defendant was insolvent, and unable to pay all his debts; that one D. T. Gear-

hart was a land agent and a collection agent residing at the town of Hawarden, and the state of Iowa, and that this defendant employed the said D. T. Gearhart to correspond for him with the said Russell & Co., and, if possible, procure from them a compromise for this defendant of the said judgment, that is, to negotiate to have them accept a sum less than the face value of the said judgment in full satisfaction of the same; that the said D. T. Gearhart did correspond with the said Russell & Co., and that the said Russell & Co. agreed with the said D. T. Gearhart, as the agent of this defendant, that they would accept from this defendant the sum of $152 in full satisfaction of the said judgment; and that the said D. T. Gearhart violated the trusts placed in him by this defendant, and for the purpose and with the intent to defraud this defendant out of the settlement with this company. Russell & Co. and the said D. T. Gearhart went to George F. Watt, the party claiming to own the judgment, and informed him of the existence of the said judgment, and that the company had agreed to accept $152 in full satisfaction thereof from this defendant, and that he, the said D. T. Gearhart, was acting for this defendant as his agent; but, in order that he might collect the whole of said judgment from this defendant, amounting to, in the aggregate, about $1,200, the said D. T. Gearhart and G. F. Watt conspired together and purchased the said judgment, and the said D. T. Gearhart, without informing this defendant in any manner, negotiated for a settlement of the said judgment, and wrote the said company, and procured from them an assignment to the said G. F. Watt, and, instead of informing this defendant of the fact that he could furnish the $152 to satisfy the judgment, which Russell & Co. agreed to take in full satisfaction of the said judg-

ment, he procured from the said G. F. Watt the $152, and sent it to the company, and took an assignment of said judgment, fraudulently intending to compel this defendant to pay the full amount of the said judgment, knowing that the company had agreed to take $152." The answer concludes with an averment that the defendant Joseph Morrow, prior to the commencement of this suit, and after the execution mentioned in the complaint was issued, tendered to G. F. Watt and D. T. Gearhart $152, with accrued interest, which he now brings into court and demands full satisfaction and discharge of the judgment. Upon the theory that the judgment debtor had established the foregoing defense, and was entitled to the relief prayed for, the trial court omitted to find either way as to the ownership of the premises, although the evidence relative to that issue was conflicting. From a decree accordingly entered, directing the clerk of the circuit court to cancel the judgment made the basis of this action, and to pay to plaintiff, for the use of Watt and Gearhart, the money brought into court, and awarding said plaintiff judgment against the defendant Joseph Morrow for costs, and from an order overruling a motion for a new trial, this appeal was taken.

For the reason that Joseph Morrow, who had personal knowledge of the application of Watt to the court for leave to issue execution on the judgment, made more than five years after its rendition and entry, allowed such order to be granted without presenting in opposition thereto the defense now relied upon, it is contended by counsel for appellant that the order granting leave to issue execution is *res judicata*, and that the circuit court, therefore, erred in entertaining such defense, urged for the first time upon the trial of this action. It may

well be conceded that Morrow is estopped, by the order grant-ing leave to issue an execution, from presenting any question which might have been litigated in the proceeding to revive the dormant judgment, and it therefore becomes necessary to determine whether such rule of conclusiveness covers that portion of the answer which relates to his negotiations for a compromise with the judgment creditor. In this state a pro-ceeding by motion, with notice to the adverse party, for leave to issue an execution on a judgment after the lapse of five years from the entry thereof has been substituted for the com-mon-law writ of *scire facias,* formerly employed to revive dor-mant judgments, and such application must be denied "unless it be established by the oath of the party, or other satisfactory proof, that the judgment, or some part thereof, remains un-satisfied and due. Comp. Laws, § 5111. The object of the notice required is to give the adverse party an opportunity to show that there is no such judgment, or that it has been in some manner discharged; and, as in *scire facias,* no other de-fense is admissible. Strong v. Barnhart, 6 Or. 93; Bickerdike v. Allen, 157 Ill. 95, 41 N. E. 740, 29 L. R. A. 782; Dowling v. McGregor, 91 Pa. St. 410; Langston v. Abney, 43 Miss. 161; Lee v. Watkins, 13 How. Prac. 178; 1 Freem. Ex'ns, 97; 1 Black, Judgm. 493; 8 Enc. Pl. & Prac. 359; 1 Herm. Estop. par. 127. As the judgment remained wholly unsatisfied, Mor-row's present application for partial relief in equity, if urged at the hearing, would not have been sufficient, under the stat-ute, to prevent the issuance of an execution; and his negotia-tion with Russel & Co. through Gearhart in no manner tended to establish payment or satisfaction of the judgment then sought to be revived. We are consequently of the opinion that

the trial court very properly overruled appellant's objection to the introduction of any evidence tending to establish an equitable right to pay the entire judgment, of which Watt is still the owner, for the amount, with interest, that the latter actually advanced for an assignment thereof, procured through the alleged connivance of Gearhart and Watt; and, if said Watt is presumed, under the circumstances to have knowledge of the relation existing between Gearhart and Morrow at the time the assignment was procured, the evidence is sufficient to justify the following finding of fact: "That at the time of procuring the said assignment of said judgment of the said Russel & Co. the said D. T. Gearhart had not been discharged, but was still the agent of the said Joseph Morrow, and all the said Geo. F. Watt aid in procuring and taking the assignment of the said judgment was done through the agency of the said D. T. Gearhart, and that the said D. T. Gearhart procured and took the assignment of the said judgment to said Watt in violation of his duty as agent to said Joseph Morrow, and without his knowledge or consent, and for the purpose of injuring and defrauding him, of which the said Geo. F. Watt then had notice." Though an arrangement between Gearhart and Watt infected with fraud and collusion is the grievance of which Morrow complains, and upon which he relies, no testimony was offered tending to establish such accusation; and the presumption that Gearhart imparted to Watt his own duplicity and violation of Morrow's confidence, concerning a matter with reference to which secrecy had been expressly enjoined, is not entertainable under the circumstances of this case. The proper subject for judicial investigation under the pleadings is whether Gearhart and Watt, pursuant to a conspiracy to cheat and defraud

Morrow, purchased the judgment at a time when the former was the agent of such judgment debtor for the purpose of negotiating a compromise, and, as between Gearhart and Watt, the doctrine that notice to the agent is notice to the principal is, therefore, not applicable. From the foregoing, and the further fact that appellant was awarded judgment for costs against the respondent Joseph Morrow, who is confessedly insolvent, it follows that the court erred in failing to find upon the material issue of ownership. The judgment appealed from is reversed, and a new trial ordered.