## SUPREME COURT

### LEE and others agt. WATKINS,

On an application, under § 284 of the Code, for leave to issue execution after the lapse of five years from the entry of judgment, the court will not entertain an objection to the *validity* of the *judgment*. While the judgment remains on record, the court, on such application, cannot go behind it; the only inquiry in such cases is, whether the judgment, or any part thereof has been satisfied.

*New-York Special Term,* Oct., 1856.

MOTION for leave to issue execution after the lapse of five years from the entry of judgment.

JOHN TOWNSEND, JR., *for motion.*
E. A. DOOLITTLE, *opposed.*

CLERKE, Justice.    Pursuant to my previous course in similar cases, I was disposed to refer this application, in order to ascertain whether the allegation of the defendant is true.

This being an application by the plaintiffs under § 284 of the Code, for leave to issue execution after the lapse of five years from the entry of the judgment, the defendant swears that he never was served with any summons in this action, and never had any notice of the action, until the 22d of September, 1856. On reflection, I think I cannot go behind the judgment. The only inquiry contemplated by the Code, on such an application as this, is, whether the judgment, or any part thereof, has been satisfied.    While the judgment remains on record, we cannot go any further.    It is presumed to be the solemn and deliberate act of the court, which can only be set aside on a formal application for that purpose.

If the statement of the defendant is true, he is not without his remedy.    The judgment may be declared a nullity; but, I cannot, on this application, entertain the question.    Section

174 of the Code provides, that the court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, &c., taken against him, through his mistake, inadvertence, surprise, or excusable neglect.

For this purpose a direct application may be made to the court; and then, probably, a reference would be ordered.

As the judgment is now a valid and conclusive record, and as it has not been satisfied, the application of the plaintiffs is granted, without costs, and, of course, without prejudice to the defendant to take any course in relation to the judgment that he may be advised to take.