Upon the motion to vacate the judgment the following opinion was delivered:
Lawrence, J.
The proof of the service of the summons upon defendant was defective and insufficient, and did not authorize the entry of judgment against defendant. Section 138 of the Code requires that the person making the service should make his affidavit thereof, and section 139 provides that from the time of the service of the summons the court shall be deemed to have acquired jurisdiction, &c. Section 246 requires the plaintiff, in an action arising on contract, to file proof of personal service of the summons on the defendant. There is no such proof in this case, as the affidavit of Mr. Meeks, the plaintiff’s attorney, amounts only to a declaration that his office clerk had told him that he had made such service. This does not amount to proof of personal service on the defendant! The *205 present rule, and the rule in force when the judgment was entered, required the person making the service of the summons and complaint to state the place and manner of service, and that he knew the person served to be the person mentioned and described in the summons as the defendant therein, and whether he left the same with the defendant (Code, Rule 18, present Rule 33). In this case the person who made the service does not make the affidavit, and the person who stated that the clerk who is alleged to have made the service told him thereof, does not state, and cannot state of his own knowledge, that the summons and complaint, or either of them, were left with the defendant, nor does he know of his own knowledge that any service was made. I think that there is no sufficient proof that the defendant was ever served with the summons and complaint, and, in the absence of an affidavit of the person alleged to have made such service, the affidavit of the defendant denying the same seems to be controlling. The motion to vacate the judgment must be granted with costs. Even the alleged admission by the defendant of the existence of the judgment, does not aid the plaintiff. If jurisdiction was never acquired by personal service of the summons, an admission by the defendant that there was a judgment against him, does not render a void judgment valid. Furthermore, the defendant expressly avers that he never heard of the action until he was served with the motion papers on November 9, thus contradicting the alleged admission urged by the plaintiff.
Motion granted.
Upon the motion for leave to issue execution, the following opinion was delivered:
Lawrence, J.
The motion for leave to issue execution herein must be denied. If the application stood alone, it might be said with much force, that this court *206 had, in the case of Lee v. Watkins (3 Abb. Pr. 243) held that npon such an application the court can not go behind the judgment or inquire into its validity, nor can the judgment debtor be heard to show that no summons was ever served npon him. In that case the court held that the judgment might be declared a nullity, but that on such a motion the question could not be entertained. This motion was heard at the same time with a motion to vacate the judgment on the defendant’s part, and as I have reached the conclusion that the court never obtained jurisdiction, and have vacated the judgment, this motion must be denied.
Motion denied.