JACKSON, *ex dem.* SWAIN and others, *against* R. & J. RANSOM.

EJECTMENT for part of small lot No. 174, in a tract of land in *Clinton* county, tried before the Chief Justice, on the 15th of *June*, 1819. The plaintiff gave in evidence a patent to *Udney Hay*, a Lieutenant Colonel of the *Canada Refugees*, for 500 acres of land, dated the 27th of *February*, 1790, described as follows : " All those two certain tracts of land, (being part of a large tract situate in the county of *Clinton*, set apart for the *Canadian* and *Nova Scotia* refugees,) known and distinguished in a map and return of the said large tract, filed by the surveyor general in the secretary's office, by lots No. 56, and No. 174, said lot No. 56 containing 420 acres, and lot No. 174 containing eighty acres of land ; a deed from *Udney Hay* to *John Hoope*, dated the 30th of *September*, 1794, for " all that certain parcel or tract of land, granted to him as a *Canadian* refugee, containing 420 acres, marked and distinguished by lot No. 56 ; as, also, that other certain parcel or tract of land granted to him in like manner, containing eighty acres, and distinguished by the title of lot No. 174, (as the plaintiff's counsel read the deed, but which figures the defendant's counsel contended were 84,) which said two lots are one moiety of all the land he is entitled to as a *Canadian* refugee, &c. Also, a deed from *John Hoope* and *Mary* his wife, to *John Byrne*, for " all those certain tracts, pieces or parcels of land, situate, lying, and being in the county of ———, formerly granted to *Udney Hay*, a *Canadian* refugee, and late an officer in the service of the *United States*, known and distinguished by lot No. 56, containing 420 acres, and by lot No. 84, containing 80 acres, which said two lots of land are one moiety of all the lands the said *Udney* was entitled to as a *Canadian* refugee," &c. " which said two lots were conveyed by the said *Udney Hay*, to the said *John Hoope*, by an indenture bearing date the 30th of *September*, 1794."

Where a deed, describing land conveyed, is illegible, or so as to leave it unconveyed, the deed is so far inoperative.
But where a lot of land was described by a number in figures, which the plaintiff read 174, and the defendant 84; and from an examination of the whole deed, the jury and Court were satisfied, that it was 174, it was held sufficiently certain.
Where the premises in a deed, being a lot of land, are described by a number of the lot, and also, as having been granted by letters patent to *U.*, &c. and by him conveyed to *J. H.* the grantor, as by reference to that deed will more fully appear, and in the last deed the No. was 84. and in the one referred to 174, it was held, that omitting the number in the last deed, the premises were described with sufficient certainty to pass the lot mentioned in the deed referred to as No. 174.

The defendant's counsel objected to the reading of the last mentioned deed in evidence, on the ground that the small lot was described as No. 84, instead of 174; but the Chief Justice permitted the deed to be read, reserving the question. The plaintiff then proved, that *John Byrne* died about the year 1802, leaving two children, *Catharine* and *John;* that *John* died without issue, and *Catharine* married *James Calder,* one of the lessors; that the defendant was in possession of lot 174 when the declaration was served. The defendants' counsel moved for a nonsuit; but the Judge reserved the question of law, and the defendants gave in evidence a deed from *E. J. Ransom* to the defendants, dated the 30th of *December,* 1810, for lot No. 174, the premises in question, with full covenants of seisin and warranty, &c. The defendants also proved, that there was a lot No. 84, containing 80 acres, in the refugee tract.

The Judge charged the jury, that if they believed that the deed from *Hay* to *Hoope,* was for lot 174, and not for lot 84, they ought to find a verdict for the plaintiff, subject to the opinion of the Court on the points reserved. The jury found a verdict for the plaintiff, subject to the opinion of the Court, on the points reserved.

*Z. R. Shepherd,* for the plaintiff.

*Walworth,* for the defendant.

SPENCER, Ch. J. delivered the opinion of the Court. This case presents two questions: 1st. Whether the deed from *Udney Hay* to *John Hoope,* conveyed lot 174, being parcel and part of lands granted to said *Hay,* by letters patent; and, 2d. Whether the deed from *Hoope* and wife to *John Byrne,* also conveyed to the latter the same lot? It is contended for the defendant, that the deed from *Hay* to *Hoope,* either conveyed lot No. 84, (and there is such a number in the tract,) or that the deed is so illegible as to render it altogether uncertain what lot was conveyed, or intended to be conveyed. The number of the lot is in figures; it was left to the jury to determine whether they were 84, or 174, and they pronounced them to be the latter. I agree to the

NEW-YORK,
May, 1820.

JACKSON
v.
RANSOM.

position, that if the writing be so illegible as not to be read, or to leave it in a state of uncertainty what is conveyed, so far the deed will be inoperative. I, however, think this not to be such a deed; and I am satisfied, by an examination of the whole deed, that the figures in question are 174. The figure 8 occurs in other parts of the deed, and it is wholly dissimilar to what is said to be 8 in this number, and I have no doubt the figures are 174. It appears that *Hay* was the patentee of that lot, but not of 84.

2d. The deed from *Hoope* and wife to *Byrne*, conveys to the latter, lot No. 84, and the premises in question have always been known as No. 174. The deed grants two lots, Nos. 56 and 84, and it describes them " as all those certain tracts, pieces, or parcels, or lots of land, situate, lying, and being in the county of———, formerly granted to *Udney Hay*, a *Canadian* refugee, and late an officer in the service of the *United States,* known and distinguished by lot No. 56, containing, &c. and by lot No. 84, containing 80 acres, and which said two lots of land are one moiety of all the lands the said *Udney Hay* was entitled to as a *Canadian* refugee, and by virtue of an act of the legislature of the state of *New-York,* entitled, &c. passed the 11th of *May,* 1784, which said two lots were conveyed by *Udney Hay* to the said *John Hoope,* by an indenture bearing date the 30th day of *September,* 1794, as, reference being thereunto had, will more fully appear. It appeared there was a lot No. 84 in that refugee tract, containing 80 acres; but it did not appear, that that lot had been granted to *Hay,* or that he had any other patent than the one for the two lots 56 and 174, both of which contained 500 acres; though he appears, by the act, to have been entitled to 1000 acres.

Had the numbers of the lots been wholly omitted, the description in the deed would have passed these lots, 56 and 174, for they are described as lots granted to *Hay,* as a *Canadian* refugee, by virtue of an act of the legislature particularly stated ; and they are described as lots conveyed by *Hay* to *Hoope,* by a deed of a particular date, and reference is had to the deed, not only to prove the fact that a conveyance had been made, but of the lots intended to

NEW-YORK,
May, 1820.

JACKSON
v.
CRAFTS.

be granted; and the reference was truly made, as appears by the deed given in evidence.

The *Bishop of Ely's case,* 4 *Eliz.* (*Shepherd's . Touchstone,* 88.) contains the position, that if there be two clauses in a deed repugnant to each other, the first shall be received, and the last rejected, except there be some special reason to the contrary. This principle does not apply, for this description is all in one clause, and there are special reasons to the contrary; the reference to the grant to *Hay,* and the deed from him to *Hoope;* the insertion of 84 was clearly a mistake, and there is other and greater certainty in the description, than the reference to the number. In the case of *Jackson, ex dem. M'Naughton,* v. *Loomis,*  * I have had occasion to look into the cases, and I am of opinion, that the plaintiff is entitled to judgment.

* *Ante,* p. 81.

Judgment for the plaintiff.