EZEKIEL WRIGHT, APPELLANT, v. HARRISON
YOUNG ET AL., RESPONDENTS.

EXECUTION—LEVY AND RETURN OF PERSONAL PROPERTY.—The mere levy on personal property, the property being subsequently returned, is not a satisfaction of the judgment, and furnishes no valid objection to the issue of another execution on the same judgment.

EXECUTION AGAINST REAL PROPERTY—INFORMALITY OF.—Where an execution commanded the sheriff "to levy upon the real estate, goods and chattels" of the defendants in the writ, instead of directing a resort to the personal property of such defendants first, and then a levy on the realty, it is informal, but not void.

IDEM—WAIVER.—Where two executions, of the same date and tenor, were issued upon the same judgment to the sheriff of the same county, and the return of such sheriff shows that he duly executed one writ, and that the other was returned to the clerk without anything further or different being done with it, the proceeding was irregular, and might have been taken advantage of by a motion to quash. The failure to take advantage of such irregularity at the time is a waiver of it.

CONFIRMATION OF SALES ON EXECUTIONS UNDER TERRITORIAL STATUTES.—When the state government superseded the territorial government, the laws of the territory were contained in force until the code took effect in 1863, and all sheriffs' deeds, whether made on executions issued by the district, circuit or county courts, were required to be submitted to the circuit court of the state for confirmation.

INDORSEMENTS ON SHERIFFS' DEEDS.—The omission to indorse the approval of the circuit court upon a sheriff's deed does not render the deed inoperative.

ORDER CONFIRMING SHERIFF'S SALE—EFFECT OF.—An order confirming a sheriff's sale is conclusive upon all questions relating to the sale; that is, as to the regularity of all proceedings after execution, and before confirmation.

APPEAL from Douglas County.

This is an action by the appellant to recover possession of certain real estate as the heir at law of one Jackson

Wright. The respondents claim under a sheriff's deed upon a sale on an execution issued October 1, 1862, in Jackson Wright's life-time. The execution was issued out of the county court of Douglas county, upon a judgment therein against said Jackson Wright and two other persons for one hundred and fifty-two dollars and fifty-eight cents, including costs. The execution when offered in evidence, was objected to, and the appellant sought to impeach its validity by showing that other executions had been issued on the same judgment, and that under one of them, at least, personal property of one of the judgment creditors had been levied upon, sufficient in value to satisfy the judgment.

It appears that instead of one execution having been issued on the first day of October, 1862, there were two, and there is nothing showing upon which the sale of the real property was had. The personal property levied upon consisted of cattle, which the sheriff subsequently released by turning them out, and letting them go upon their accustomed range. The execution or executions upon which the sale was made commanded the sheriff to "levy upon the real estate, goods and chattels" of the defendants, instead of directing a resort to the personal property first. The findings in the court below were in favor of the respondents, and they had judgment accordingly.

*W. W. Thayer and J. F. Gazley*, for appellants:

A writ of execution irregularly issued is a nullity. (Herman on Ex., sec. 63.) An execution issued and levied, while the lien of the first is undisposed of, is irregular. (Id. sec. 88.) A levy cannot be made upon goods and chattels, and at the same time upon real property. This is a self-evident proposition, and it logically follows that an execution cannot be levied upon real property while a levy under a former execution upon personal property is undisposed of. The levy upon the chattel under the execution of May 26, 1862, was undisposed of. It could not be released except in the manner provided by law. (Id., secs. 159–169.) A party cannot have two concurrent writs at the same time. (Id.,

secs. 71, 233.) If goods are lost to the defendant by the officer, it will be a satisfaction of the debt to the extent of the property wasted. (Id., sec. 176; 1 Denio, 574; 12 Johns. 207.) If no sale is made for want of bidders, sheriff must adjourn the sale. (Or. Code, 1855, sec. 22; Crocker on Sheriffs, sec. 423.) A valid levy must first be disposed of before other property can be taken. (Herman on Ex., sec. 163; 12 Johns. 207.) A levy upon sufficient personal property of defendant is *prima facie* a satisfaction of the execution. (Herman on Ex., sec. 176; 8 Cal. 30; 11 Wend. 125.) In order to confirm sheriff's sale of real estate, the court must indorse its approval on the deed. (Code, 1855, sec. 28.)

The plaintiff purchasing under execution is chargeable with all irregularities. (2 Cains, 61.) A sheriff cannot sell real estate while there is a subsisting levy on personal property. (6 Wend. 562.) The two last simultaneous executions were issued for a sum in excess of what was due, and were void. (Herman on Ex., sec. 267; Code, 1855, sec. 5.)

*Willis & Eglin,* for respondents:

The evidence excepted to by plaintiff was properly admitted by the court inasmuch as the judgment, execution, sale, certificate of sale, approval of deed, and confirmation of sale, are proper evidence of title. (5 Or. 191.)

The conclusions of law excepted to are properly found because the confirmation of sale is a final adjudication touching the regularity of all proceedings taken in the execution of final process. It operates as a judgment, and cannot be attacked collaterally. (Herman on Ex., sec. 434; 4 Or. 232; 9 Cal. 426.) The objection to the regularity of the execution must be raised on motion before confirmation of sale or by suit to set aside the sheriff's deed. (62 N. Y. 623; 14 Cal. 138, 143; Herman on Ex., secs. 80, 81, 407.) The only question in this action on which a reversal of the judgment of the circuit court could be asked, if it be deemed to be material in the present action, is as to whether or not the levy made upon the twenty head of cattle, and the release of them by the sheriff, on not finding a purchaser or bidder, and turning them out upon their range

without fault of the execution creditor, is a satisfaction of the judgment of the county court.

A levy on sufficient personal property is not, *per se*, a satisfaction of the judgment, but is only a satisfaction *sub modo*, and does not prohibit the execution creditor from issuing an *alias* execution if there has been no loss to the debtor from and through the misconduct of the officer. (23 Wend. 490–9; 3 McLean, 354, 542; 2 Hill, 329; 1 Cranch C. C. 283; 1 Denio, 574; Herman on Ex. 254; 15 Minn. 381; 13 Id. 407; 3 Wal. S. C. 688; 2 N. Y. 451; 4 E. D. Smith, 378; 22 Barb. 522; 28 Id. 476; 7 Abb. Pr. 347; 6 Cal. 47.

By the Court, SHATTUCK, J.:

It is conceded by the appellant's counsel that the respondents have a good title to the lands in controversy, if the execution sale under which they claim is valid.

The circuit court found that successive executions were issued on the judgment against the appellants' ancestor, and that personal property in amount sufficient to satisfy the judgment had been levied on; but that the levies were released and the property restored to the parties entitled to it. So that, in fact, nothing was made out of those levies. It does not appear from the evidence accompanying the bill of exceptions, that the defendants in the execution were deprived of their property, or lost anything whatever by reason of these levies, or by reason of any misconduct of the execution plaintiff or of the officer.

The alleged loss of some of the cattle levied on cannot, upon the evidence offered, be fairly attributed to the levy. They were released from the levy and returned to the pasture or range whence they were taken, and after that were lost. In such case, there being no loss to the debtor by reason of the levy, we hold that the mere levy on the personal property, it being subsequently returned, is not a satisfaction of the judgment, and furnishes no valid objection to the issue of another execution on the same judgment.

The execution on which the real property was sold, was not void upon its face because it commanded the sheriff

"to levy upon the real estate, goods and chattels of" the defendants, instead of directing a resort to the personal property and then a levy on the realty. It was informal, but it had the substance of all which the statute requires. It was not invalidated, because two executions of the same date, upon the same judgment, and of the same tenor, were issued to the sheriff of the same county. Such a proceeding was irregular, and might have been taken advantage of by a motion to quash; but the return of the officer shows that he received one writ, and executed it in due form and manner; and that the other was returned to the clerk without anything further or different being done with it. The failure of the appellants' ancestor to object at the time to this alleged irregularity, ought to be deemed a waiver of all objections on this ground.

But the whole ground and objection to this sale has been covered and passed upon by the proceedings found by the court below to have been had at the time of the delivery of the deed by the sheriff. The twelfth finding shows that after the time for redemption had expired, the sheriff who made the sale executed a deed to the purchaser of the property sold, and submitted the same to the circuit court for Douglas county, and that on the fourteenth day of May, 1863, said court approved the deed, and confirmed the sale. What the evidence was which was introduced before the court below on this point, the bill of exceptions fails to disclose. It must be presumed to have been legal evidence, and that no error was committed by admitting it. It is claimed, however, that this execution sale having been made on a judgment and process of the county court, the proceedings should have been returned, and the deed submitted for approval and confirmation to that court, and not to the circuit court, and that in any view of that point the deed is incomplete and incompetent as evidence, because the court did not indorse its approval in the deed as required by statute. (Stat. 1855, p. 125, sec. 28.)

The constitution of the state (sec. 7, art. xviii), continued all the laws of the territory in force, which were not inconsistent with the constitution. By construction and

uniform practice the jurisdiction and practice of the terri-
torial district court were deemed transferred to the circuit
court, and in the territorial statutes, compiled and pub-
lished in 1855, were recognized as the law of the state
regulating and controlling the practice and decisions of the
circuit court.

Those statutes provided as above quoted that a sheriff, in
case of a sale of real property and no redemption, should
execute a deed and submit it to the district court for ap-
proval.   When the circuit court superseded the district
court, such deeds whether made on a district court, a cir-
cuit court, or a county court execution, were submitted to
the circuit court; the above provision of law being the only
one in force relating to the approval of sheriff's deeds.
Such, we understand, was the practice acquiesced in by the
profession, and permitted by the courts, till the change of
the laws, June 1, 1863.

We think it was a correct practice.  The subject-matter
of the proceeding was within the general jurisdiction of
the circuit court, and there being no law directing the
county court to exercise the authority, it fell within what
may be termed the residuary jurisdiction of the circuit
court provided by sec. 9, art. vii, of the constitution:
"All judicial power, authority, and jurisdiction not vested
by this constitution, or by laws consistent therewith, ex-
clusively in some other court, shall belong to the circuit
court."

The failure to indorse the approval on the deed does not
render the deed ineffective.  We conclude from the finding
that the circuit court in 1863 did review the proceedings
concerning the sale, and approved and confirmed them;
which was the substantive thing to be done, and, as before
said, we must presume that the court below found such
decision and approval expressed in some of the modes in
which a court expresses and preserves its orders.  The
neglect to comply with the mode of approval directed by
the statute was at most only an irregularity, and not one
affecting any substantial right.  The statute provides, and
this court has repeatedly held that an approval of the sale

by the court is conclusive upon all questions arising on the proceedings concerning the sale, that is upon all matters occurring after judgment, and prior to the order of confirmation. And we repeat the ruling in this case and hold that the objections to the sale in question in this case must be deemed disposed of by the order of approval and confirmation of sale; that the appellant's ancestor slept upon and waived his right, if he had any, by neglecting to make timely objections to the confirmation, and his heirs cannot now be heard to complain of irregularities.