COLIN McRAE, Appellant, v. V. S. DAVINER et al., Respondents.

A Purchase at an Execution Sale by a sheriff, depends upon the judgment, the levy, and deed.    All other questions are between the parties to the judgment and the sheriff.

Sheriff's Sale—Order of Confirmation Conclusive of Regularity of Sale.—By sec. 293, subd. 4, of the code, an order confirming a sheriff's sale is a conclusive determination of the regularity of the proceedings concerning such sale, as to all persons in any other action, suit, or proceeding whatever.

Appeal from Union County.    The facts are stated in the opinion.

*M. Baker and R. Eakin*, for appellant.

*L. O. Sterns, John J. Balleray and F. M. Ish*, for respondents.

By the Court, Prim, J.:

This suit was commenced in equity to set aside a sheriff's sale of real estate, made under and by virtue of an execution, and is based upon the following facts: On October 21, 1876, V. S. Daviner, one of the respondents, recovered a judgment against the appellant, in the circuit court of the state of Oregon for the county of Union, for the sum of two thousand and fifty-five dollars and thirty-five cents, and costs of suit.    On October 23, 1876, execution was duly issued thereon and levied upon the real estate described in the complaint; and thereafter, on December 11, 1876, such real estate was sold to Joseph Oliver, one of the respondents in this suit.    On May 8, 1877, at a regular term of the

circuit court of said county, the said Daviner presented the proofs of sale, to wit, the affidavit of J. H. Stevens, Jr., the certificate of S. O. Swackhamer, the sheriff, and his return on the execution; and there being no objections interposed thereto by said appellant, the sale was duly confirmed by said court. In July, 1877, the time for redemption having expired, and appellant having failed to redeem, the sheriff duly made and executed a deed of said premises to Joseph Oliver. On October, 1878, two years after the rendition of the judgment, this suit was commenced, to set aside the sale on the ground that said sale, order of confirmation, and deed were void. This assumption is based upon the allegation that the time, place, and manner of said sale by the sheriff of said real estate were not advertised according to law in this: 1. That the notice thereof was not published for four weeks in a newspaper in the county; 2. That it does not appear that the notice was posted in three public places in the county where the property was to be sold, for four weeks; 3. It does not appear that the sale was on the day and hour mentioned in the notice; 4. It does not appear that there was no personal property of defendant in execution subject to levy.

Exhibit "A," annexed to the complaint, shows that the notice of sale was signed officially by the sheriff of said county, bearing date November 9, 1876, and, after reciting in substance the execution, is to the effect that he has levied on all the right, title, and interest of McRae in and to the following real property (describing it), and that on December 11, A. D. 1876, at two o'clock P. M., at the court-house door of said Union county, he will sell it to the highest bidder for cash. To this is also attached the affidavit of J. H. Stevens, Jr., to the effect that he was foreman of the Mountain Sentinel, a weekly newspaper published at Union, Union county, state of Oregon, and that the foregoing notice of sale was published in said paper once a week for four consecutive weeks, beginning with the issue of November 11, 1876, and ending with the issue of December 1, 1876.

Exhibit "B" is the return of said sheriff on said execution, which recites, among other things, that there being no

personal property found, he levied upon the said real property and advertised the same for sale at the court house in the said county of Union, state of Oregon, on the eleventh day of December, 1876, by posting up three notices of said sale in three public places in said county, one of which was posted on the court-house door of said county, and by publishing the same in the Mountain Sentinel, the proof of which was thereto attached. And that in pursuance of said notice the same was sold at public auction at said time and place to Joseph Oliver, he being the highest bidder therefor, subject to redemption. Thus it will be seen that the proof and recitals contained in these exhibits show a substantial compliance with the requirements of the statute in the several particulars complained of by appellant. But it appears that there was a valid judgment, levy, and deed. These were all that a *bona fide* purchaser was required to look to. (Rorer on Judicial Sales, secs. 588, 589; *Wheaton* v. *Sexton*, 4 Wheaton, 503.)

The matters complained of were mere irregularities which did not render the sale void, but were such as were cured by the order of confirmation.

The code provides that such order is "a conclusive determination of the regularity of the proceedings concerning such sale as to all persons, in any other action, suit, or proceeding whatever." (Civil Code, sec. 293, subd. 4; *Dolph* v. *Barney*, 5 Or. 192; *Matthews* v. *Eddy*, 4 Id. 225.) Appellant had three remedies: the right to appear and file objections to the order of confirmation of the sale, the right of appeal, and the right of redemption, all of which he has neglected and failed to avail himself of; nor has he made such a statement of facts as would excuse such laches in a court of equity.

We are of the opinion that the decree of the court below should be affirmed with costs.