[Argued July 26, 1893; decided October 23, 1893.]

## LEINENWEBER v. BROWN.

[S. C. 34 Pac. Rep. 475.]

1. EXECUTION SALE — OBJECTIONS TO CONFIRMATION — EQUITY.—An execution debtor who has failed to appear in the original suit and move to quash the execution, or to file objections to the confirmation of the sale, without any other excuse for such failure than absence from the state, is precluded from bringing a suit to set aside such sale on the ground of inadequate price and irregularities subsequent to the decree.

2. EXECUTION SALE —IRREGULARITIES —CONFIRMATION.—An order confirming an execution sale of real property is a conclusive determination of the regularity of the proceedings under the execution. *Matthews* v. *Eddy*, 4 Or. 225; *Dolph* v. *Barney*, 5 Or. 191; *Wright* v. *Young*, 6 Or. 87; and *McRea* v. *Daviner*, 8 Or. 63, cited and approved.

Clatsop County: THOS. A. MCBRIDE, Judge.

This is a suit in equity by Mary H. Leinenweber and F. J. Goodenough against Hiram Brown and H. A. Smith, sheriff of Clatsop County, to set aside a sale of real property made under an execution issued on a decree of foreclosure, and comes here on appeal from a decree of the court below sustaining a demurrer to the complaint and dismissing the suit. The material allegations of the complaint are that on the second of March, 1885, the plaintiff, Mary H. Leinenweber, being the owner of all the Powers donation land claim in Clatsop County (except one hundred and thirty-five acres theretofore sold to John Adair), mortgaged the same to the board of school land commissioners to secure the payment of the sum of two thousand five hundred dollars with interest; and afterwards, on the twenty-eighth day of January, 1890, sold and conveyed forty-seven and twenty-seven hundredths acres thereof, subject to the mortgage, to Trueman H. Leinenweber and F. J. Goodenough, and that Goodenough subsequently purchased Leinenweber's interest in the same; that on the fifteenth of July, 1890, she made, executed, and delivered to Allen & Lewis a second mortgage upon the land then owned by her to secure the payment of the sum of twenty thousand six hundred and fifty-one dollars and twenty-five cents, which was assigned and transferred by Allen & Lewis to the defendant Hiram Brown, who in the year 1891 began a suit in the circuit court for Clatsop County to foreclose it, making the plaintiff Leinenweber and the board of school land commissioners parties, but not the plaintiff Goodenough. It further appears that in said suit the board of school land commissioners appeared and answered, asking for a decree foreclosing its mortgage, and such proceedings were afterwards had as that both the mortgage in favor of the school fund and the mortgage in favor of Allen & Lewis, then owned by Brown, were foreclosed, and the property ordered sold to satisfy the same; that on the first day of February, 1892, Brown caused an

execution to issue on the decree in which both said tracts of land were described as one, and as if owned by the plaintiff Leinenweber alone, and covered by and included in both mortgages, the execution requiring the sheriff to levy upon and sell all the right, title, and interest of the plaintiff Mary H. Leinenweber in and to the donation land claim of Powers and wife, except the one hundred and thirty-five acres sold to Adair; that the execution was not issued upon the joint request of Brown and the board, nor pursuant to an order of court or the judge thereof, but was issued solely upon the request of Brown; nor did it require the sheriff to apply the proceeds derived from the sale of the property to the satisfaction of said mortgages, or either of them, but merely required him to apply the proceeds of the sale to the costs and expenses of making the same, and of and upon the execution. Moreover, it is alleged that after the execution was placed in the hands of the sheriff for service, he published a notice of the time and place of sale, and in the notice claimed and represented that by the terms of the execution he was authorized to sell all the property described in the school fund mortgage to satisfy a decree for the sum of three thousand and thirty-two dollars in favor of the board, and a decree for the sum of twenty-three thousand two hundred and eighty-five dollars and eighty-one cents in favor of Brown, while in truth the execution did not authorize him to sell the land or any part thereof to satisfy the said decrees, or either of them; and that the execution varied from the decree in that it failed to direct an application of the proceeds of the sale in the manner provided in the decree, and that the notice misrepresented the requirements of the execution and the object of the sale.

The complaint further shows that the real estate is agricultural land, and that it is customary to sell land of this character in said county upon Saturdays when agriculturists are in the city of Astoria, which is the county

seat of said county and the only city therein; that said property was sold upon a day when but few agriculturists are customarily in the city, and it also appears that the only newspaper in which the notice of sale was published was the Daily Town Talk, which was not a newspaper of general circulation in said county; but, on the contrary, was a newspaper the circulation of which was limited to but a small portion thereof, to wit, the city of Astoria; that upon the second of March, 1892, the sheriff proceeded to sell, and did sell, upon the said pretended execution, all the interest of the plaintiff Leinenweber in the property described in the execution, to the defendant Brown for the sum of fifteen thousand dollars, he being the highest and best bidder therefor, such sale being made *en masse* and not in separate parcels; that as a result of the proceedings above described, the defective execution, the unauthorized terms of the notice, and the manner of its publication, not more than twelve persons were present when the sale was made to the defendant Brown for the said sum of fifteen thousand dollars, although the property was reasonably worth the sum of seventy thousand dollars; that the sale was confirmed by order of the court on the eleventh of March, 1892; but during all the times when the notices were being published, and when the sale was made and confirmed, the plaintiff Leinenweber was without the state of Oregon, and was within the state of California, and did not discover that the sale had been made until after the confirmation thereof, and that said Goodenough was not made a party to said foreclosure suit. It is also alleged that defendant Brown had knowledge of all the acts and proceedings mentioned and participated in the same at the respective times thereof, with the purpose of obtaining said real estate at an inadequate and unfair price, and preventing a redemption of the same or any part thereof. Affirmed.

*J. Henry Smith,* for Appellants.

*Joseph Simon,* for Respondents.

MR. JUSTICE BEAN delivered the opinion of the court:

1. It is manifest the complaint does not state facts sufficient to constitute a cause of suit, and the demurrer was properly sustained. It is sought by this suit to set aside an execution sale of real property, on the ground of inadequate price and irregularities in the proceedings subsequent to the decree upon which the sale was made. The allegation that the defendant Brown had knowledge of and participated in the proceedings with the purpose of obtaining the land at an inadequate and unfair price, is too vague and uncertain to charge fraud; and, besides, the complaint does not show that the plaintiff Leinenweber could not have prevented the sale by a motion in the court below to quash the execution, or by objections to the confirmation of sale, and having failed to press her objections at the proper time, or to show that she was prevented from so doing by fraud or deception, she is not entitled to relief by an independent suit: Black, Judgments, § 370. The plaintiff had a right to and could have appeared in the original suit and moved to quash the execution, or filed objections to the confirmation of the sale for the reasons stated and alleged in the complaint, all which, so far as appears, she failed and neglected to do; nor does she offer any excuse for such failure except her absence from the state, and that certainly does not present sufficient ground for relief in this suit.

2. The defects, if any, in the execution under which the sale was made, were but mere irregularities which did not render it void, and should have been taken advantage of by a motion to quash, and the law has long been settled in this state that an order or decree of confirmation of an execution sale must be regarded as a conclusive determination of all questions concerning the irregularity

of the proceedings subsequent to the execution: *Matthews* v. *Eddy*, 4 Or. 225; *Dolph* v. *Barney*, 5 Or. 191; *Wright* v. *Young*, 6 Or. 87; *McRea* v. *Daviner*, 8 Or. 63. Affirmed.

### On Rehearing.

[November 13, 1893.]

Since the opinion was filed in this case, but before the entry of a decree, our attention has been called to the fact, by the petition of the plaintiffs, that the court below not only sustained a demurrer to and dismissed the amended complaint, but it further adjudged and decreed that "the defendant Hiram Brown is the owner in fee simple of all the land set forth and described in the amended complaint of the plaintiff herein." This was clearly an error. The case was disposed of both by the court below and in this court upon the ground that the complaint did not state facts sufficient to constitute a cause of suit, and was therefore dismissed, and the only decree that should have been entered was a decree to that effect. It follows, therefore, that in entering a decree in this case the determination of the lower court will be affirmed, except as to the clause above quoted, and a decree entered here dismissing the complaint. Affirmed.