## EBNER et al. v. HEID.

(First Division. Juneau. December 4, 1905.)

1. PLEADINGS—MOTION TO STRIKE—SHAM.

A pleading which presents no defense under the law may be stricken out.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1096, 1097.]

2. JUDICIAL SALES—CONFIRMATION OF SALE CONCLUSIVE.

A sale of property on judgment after due confirmation by the court may not be attacked for mere irregularities. The order of confirmation is a conclusive adjudication of the regularity of the proceedings prior to its entry.

[Ed. Note.—For cases in point, see vol. 31, Cent. Dig. Judicial Sales, § 66.]

3. JUDGMENT—COLLATERAL ATTACK.

The judgment of a court having jurisdiction over the subject-matter and the parties cannot be collaterally attacked for fraud aliunde the record by the parties or their privies.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 956.]

Plaintiffs commenced a suit against the defendant herein, alleging themselves in their complaint to be the owners of, in possession, and entitled to possession, of a certain mining right or interest in certain lode mining claims, situate in the Harris mining district, District of Alaska, and that John G. Heid, defendant, claimed, or pretended to claim, an interest in such right; that said claim was adverse to the plaintiffs, and was false, fraudulent, and groundless, creating a cloud upon the plaintiffs' title; that defendant is without any right and has no right whatsoever therein, and is without any right, title, estate, or interest whatever in the mining rights and claims; that the plaintiffs are and have been for some time in possession. Their prayer is:

"That the said defendant be required to set forth the nature of his title; that all adverse claims of said defendant may be determined

by a decree of this court; that by said decree it be declared and adjudged that the defendant has not any estate or interest whatsoever in and to that portion of the said mining rights or premises herein described; and that by said decree it be declared and adjudged that the title of these plaintiffs is good and valid. Second. That the defendant be forever enjoined from asserting any claim whatever to any portion of said lands and premises adverse to the plaintiff. Third. Plaintiffs further pray for such further relief as shall be meet and agreeable to equity, and for their costs and disbursements of this suit."

A demurrer to the complaint was filed and overruled, and defendant answered, denying the allegations of the complaint, and interposing a cross-bill or answer alleging the former title of such interest in one Willis Thorpe; an action by defendant and another against Thorpe, and a judgment therein in favor of this defendant in this court; the sale of these premises by the United States marshal; the purchase at said sale of this interest by this defendant; that this defendant is now the owner and seised in fee of the premises, subject only to the paramount title of the United States; a confirmation of the sale in the district court by an order duly made; the actual and exclusive possession of the premises by this defendant, and the execution and delivery of a deed for the premises by the United States marshal to this defendant before plaintiffs acquired their pretended title.

A demurrer to this cross-answer was interposed in this court. The court treated the demurrer, also, as a motion to make more definite and certain, sustained such motion, and defendant appealed therefrom to the Circuit Court of Appeals. The appeal was sustained, and the demurrer overruled. The plaintiff filed a reply denying the allegations in defendant's cross or affirmative answer, and for a further reply to the affirmative matters set up therein admitted that defendant and another did secure a judgment against one Willis Thorpe, but alleged that said judgment was satisfied of record, and that there remained only the sum of $875 unpaid upon the said judg-

ment; that after the entry of the judgment in this court an appeal was taken and allowed to the Circuit Court of Appeals for the Ninth Circuit, and said cause was duly transferred to the Circuit Court of Appeals, and by it to the Supreme Court of the United States, which court took jurisdiction of the matter, and held the said cause for determination, and that it thereafter rendered its final decision in the cause; that upon the taking and granting of the appeal in the said cause, this court stayed any action on the judgment during the pendency of the appeal on the filing of the supersedeas bond; that the defendant, Heid, wrongfully and unlawfully caused an execution to be issued and placed in the hands of the marshal, and a levy made upon the premises, and also wrongfully, unlawfully, and fraudulently caused the record to be made up leading to the pretended confirmation of the sale; alleged the confirmation to be void for certain irregularities set forth in the complaint; that Heid, this defendant, was the pretended purchaser at the sale, and was cognizant of all the irregularities, and did fraudulently, purposely, and unlawfully cause the marshal to do the things complained of; and that defendant was not a bona fide purchaser.

Plaintiff further alleges that the confirmation was wrongfully, unlawfully, and fraudulently obtained by the defendant by his false, fraudulent, and deceitful representations to the court, and that the court was deceived; that said Thorpe was not a resident of Alaska at the time of the issuance of such executions thereon, but was a resident of the state of Washington, and had no knowledge or information whatsoever of the fraudulent acts and conduct, but that he relied upon the filing of the supersedeas bond to stay all action pending appeal, and was deprived of his opportunity to object to the confirmation of said sale by the actions of the said Heid, contrary to the order of the court; and they pray that the sale may be set aside and held for naught, that they be decreed to be the own-

ers of the property, and for such further relief as the court may deem proper.

The defendant interposes a motion to strike from the reply that part described as a further reply to the new matter set out in defendant's affirmative answer, for the reasons: First, that it is sham, frivolous and irrelevant, in that it sets up no legal right of the plaintiffs against the defendant, as admitted by the plaintiffs' further reply; second, that it is an attempt to make a collateral attack upon a decree of this court confirming the sale of the mining premises involved, and is not in any sense a direct proceeding to set aside the judgment referred to herein; and, third, that this is a matter that, if pleaded in the case at all, should be set up in the complaint, and cannot properly be made a matter for reply.

W. E. Crews, for plaintiffs.

John G. Heid, in pro. per.

GUNNISON, District Judge. If the further reply against which this motion is directed is sham, frivolous, and irrelevant, it may, under the second paragraph of section 70, Alaska Code of Civil Procedure, be stricken. The further reply seems to be sufficient as to form. It therefore becomes essential to inquire as to its contents. If it presents no defense which under the law can be interposed to the allegations, it is within the prohibition of the law, and must be stricken. 20 Ency. P. & P. 27.

In determining this question, we must consider the two other reasons assigned in the motion. It is asserted that the new matter alleged in the further reply is in no sense a direct proceeding to set aside the judgment referred to, which is the order of the court confirming the sale. Let us see. Plaintiffs in their complaint make no mention whatever of the judgment, but content themselves with allegations "that the defendant claims, or pretends to claim, an estate or interest in

and to the said mining interests so owned and held by the plaintiffs," and that these claims are "adverse to the plaintiffs," and are "false, fraudulent, and groundless," and "create a cloud" upon plaintiffs' title. They also allege that "defendant is without any right whatsoever, and that defendant has no right, title, estate, or interest" in the premises, or "any part thereof," and they pray:

"That the said defendant be required to set forth the nature of his title, and that all adverse claims of said defendant may be determined by a decree of this court. That by said decree it be declared and adjudged that said defendant has no estate or interest whatsoever in or to that portion of said mining rights or premises."

The nature of the claim of defendant is now known. Plaintiffs inquire what it is. The defendant in his answer sets forth his title, alleging it to be through certain legal steps taken in this court, to wit, a judgment, an execution, a sale, a confirmation thereof, and a marshal's deed. Plaintiffs in their reply admit the judgment and the delivery of the marshal's deed, and deny the sale, the purchase by defendant, and the confirmation by the court, and deny knowledge or information sufficient to form a belief as to the defendant's possession, labor, expenses, etc., upon said premises, and for a further reply set up irregularities in the execution, sale, and confirmation, and allege them to have been procured by false, fraudulent, and wrongful acts and by deceit on defendant's part, and pray "that the sale be set aside and held for naught."

Clearly, this is not a direct proceeding to vacate the judgments and decrees of this court. Plaintiffs' complaint does not uphold such contention, and, if the attack upon the execution sale and the order of confirmation is not direct, it must, of course, be collateral; for "a collateral attack is an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting, or modifying such judgment or decree." 17 Am. & Eng. Ency. L. (2d Ed.)

849. The case at bar is obviously within the rule as stated.

We are therefore confronted with the query as to whether or not plaintiffs may collaterally attack this judgment. The cases seem to be divided into two classes as to grounds for attack on judgments and decrees of courts, i. e. (1) as to irregularities in the proceedings; (2) as to fraud. Plaintiffs charge in their reply that the sale was void because of certain alleged irregularities in the proceedings subsequent to judgment. Upon this question there is an almost unbroken and unanimous line of authorities, based upon the soundest principles of logic, as well as of public policy. One of the earliest Oregon cases is Mathews v. Eddy, 4 Or. 234, in which the court says:

"This court entertains the opinion that, without doing violence to any principle of law, an order of confirmation may be regarded as a final adjudication, touching the regularity of all proceedings taken in the execution of final process. If confirmations are not thus respected, * * * an order of confirmation, under the present Code, is an idle ceremony, and the statutes which require such approval were enacted to no purpose."

The provision of the Alaska Code of Civil Procedure is identical with that to which the court there refers. Section 283, subd. 4, provides:

"An order confirming a sale shall be a conclusive determination of the regularity of the proceedings concerning such sale as to all persons in any other action or proceedings whatever."

The Oregon courts have, without exception, so far as we have been able to ascertain by a careful examination of the decisions, followed the case of Mathews v. Eddy, supra. Dolph v. Barney, 5 Or. 192; Wright v. Young, 6 Or. 93; MacRae v. Daviner, 8 Or. 63; Lienenweber v. Brown, 24 Or. 548, 34 Pac. 475, 38 Pac. 4; 17 Am. & Eng. Ency. L. (2d Ed.) 1017; Morrill v. Morrill, 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95, and notes thereto, 103. Under the Code

and the authorities, then, plaintiffs may not attempt to impeach the sale and confirmation on the ground of irregularities.

But they also allege that the execution, sale, and confirmation were fraudulently, falsely, and unlawfully obtained. May they rely upon such an allegation? We think not. A party to the judgment may not himself attack it collaterally for fraud. Morrill v. Morrill, 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, 23 Am. St. Rep. 95, and notes. He has three remedies against a sale fraudulently obtained: (1) He may file objections to the sale at the confirmation. (2) He may appeal from the order of the confirmation. (3) He may bring an action to set the deed aside. It is a general rule of common law, and the Code of Alaska has not changed that rule, that the judgment of a court having jurisdiction over the subject-matter and the parties cannot be collaterally attacked for fraud aliunde the record by the parties or their privies. 17 Am. & Eng. Ency. L. (2d Ed.) 849. The further reply alleges no such fact. The fraud there set up went only to Thorpe, not to these plaintiffs, and therefore they do not come within the exception. Neither are they remediless. Their redress may be obtained in another suit, but they cannot attack the judgment collaterally in the reply.

The matters alleged in the further reply are not, therefore, pertinent, relevant, or material, and the pleadings, so far as the allegations contained in the "further reply to new matter set up in defendant's answer," fall within the ban of section 70, and should be stricken as frivolous and irrelevant. Let an order issue sustaining defendant's motion and striking the plaintiffs' further reply.