Submitted on brief January 13, reversed January 19, 1915.

## LAMPMAN v. LAMPMAN.

(145 Pac. 641.)

**Execution—Issuance of Writ—Motion to Quash.**

1. Where an execution issued and an attempt to levy has been made, it is improper to issue a second execution while the first is still pending and the second writ will be quashed on motion.

[As to amendment of writs of execution, see note in 101 Am. St. Rep. 550.]

From Marion: PERCY R. KELLY, Judge.

In Banc. Statement by MR. JUSTICE BENSON.

On December 23, 1912, the plaintiff, Kathleen Lampman, began a suit for a divorce against defendant, C. E. Lampman, in the Circuit Court for Marion County. The defendant made no appearance, and upon a trial of the case a decree was entered in favor of plaintiff, dissolving the bonds of matrimony then existing between the parties, and awarding the custody of the two minor children to plaintiff, and directing defendant to pay to plaintiff the sum of $15 on the 1st day of March, 1913, and $15 on the 1st day of each month thereafter, for the support, nurture and education of such children, Thereafter, on May 12, 1914, an execution was issued to the sheriff of Marion County upon this money judgment, and on May 18, 1914, the sheriff filed in the county clerk's office a certificate of attachment of certain real property, which is all, so far as the record discloses, that was ever done under or by virtue of the writ. On June 20, 1914, one Kathleen Shreve, who certifies that she is identical with the plaintiff, also certifies that she has received various amounts, aggregating $115, as payments upon the judgment, but this statement is not verified and

does not say whether or not she has received any other sums. On June 20, 1914, another execution was issued by the county clerk to the sheriff of Marion County upon the same judgment, and on the same day the sheriff again filed with the clerk a certificate of attachment of certain real property in Marion County. Thereafter, on July 20, 1914, the defendant, appellant herein, filed a motion in the lower court, asking that the second execution be quashed, and from an order overruling such motion, defendant appeals. There was no appearance in this court for respondent by brief or otherwise.

Submitted on brief for appellant without argument, under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    REVERSED.

For appellant there was a brief over the names of *Mr. Phillip Gilbert* and *Mr. Alva O. Condit.*

MR. JUSTICE BENSON delivered the opinion of the court.

There are several reasons assigned by appellant to justify a reversal of the order made by the Circuit Court, but it will not be necessary to consider more than one.

It appears from the record that there are two writs of execution out at the present time, and that there has been an attempted levy under each.

"If a writ has been issued, and its execution commenced, it must first be completed before a new writ can issue. * * After a levy is made, the plaintiff has no right to wantonly abandon it; and if he does so, and procures the issuing of an *alias* writ, or if under any circumstances an *alias* issues while a levy under a prior writ remains undisposed of, such *alias* may be quashed": Freeman on Executions (2 ed.), § 50.

And the same doctrine has been approved by this court: *Wright* v. *Young,* 6 Or. 87.

It follows that the order overruling the motion to quash the second writ of execution should be reversed and the cause remanded, with directions to allow the motion.        REVERSED WITH DIRECTIONS.